DAVID SEEM, Appellant, *v.* INGRAM McLEES, Appellee.

APPEAL FROM STEPHENSON.

Where a tenant holds from month to month, he is entitled to a month's notice to quit, before an action of forcible detainer will lie against him.

A copy of the notice to quit, should be left with the occupant.

An appearance before a justice in an action of forcible detainer, does not waive any defect in the notice to deliver possession. An affidavit, read on a motion for a new trial, showing that a copy of the notice had been served, is too late.

THIS was a proceeding, commenced before a justice of the peace of Stephenson county, upon the following complaint:

The complaint of David Seem, of the city of Freeport, in said county, who being duly sworn, upon his oath gives William Herbert, Esq., one of the justices of the peace of said county, to understand and be informed, that on the twenty-sixth day or October, A. D. 1858, in the county aforesaid, he did demise and lease to Ingram McLees, of the place aforesaid, all that certain house and lot, situate in the city of Freeport, in the county aforesaid, known and designated as follows: Lot number eight (8), in block number fourteen (14), in the city of Freeport, for and during the term of one month from said twenty-sixth day of October, 1858, and that the said Ingram McLees, willfully and without force, after the expiration of said lease, held over and still continues in possession of the premises, without the per

Seem *v.* McLees.

mission of the complainant, notwithstanding demand has been made in writing by the complainant upon the said Ingram McLees, to quit and deliver up possession thereof to him. Therefore he prays that the said Ingram McLees may be summoned to answer to the said complaint.

Sworn to, etc.

There was a trial before the justice, and the jury found the defendant "guilty." It was therefore considered by the said justice, that the complainant, David Seem, recover and be restored to the possession of the tenement and possessions particularly described and designated in said complaint, and that he have a writ of restitution therefor.

The cause was taken by appeal to the Circuit Court, and was tried before SHELDON, Judge, and a jury.

The following notice was the foundation of the complaint:

To MR. INGRAM McLEES—*Sir:* Take notice that I hereby demand that you quit and immediately deliver up possession of the house and lot you now occupy and hold of me, situate in the city of Freeport, in the county of Stephenson, and State of Illinois, being the same now occupied by you.     DAVID SEEM.
August 2nd, 1859.

On the back of said notice, the following appears, to wit:

Served the within by reading the same to the said Ingram McLees.
August 2nd, A. D. 1859.                                    PETER BEAUMAN.

On the trial in the Circuit Court, the defendant was found not guilty, and the plaintiff entered his motion for a new trial as follows:

Now comes plaintiff, attorney *pro se,* and files the affidavit of David C. Laird, and his reasons for a new trial in this cause.

To MR. INGRAM McLEES—*Sir:* Take notice that I hereby demand that you quit and immediately deliver up possession of the lands, tenements and possessions which you now hold of me, situated in the city of Freeport, in the county of Stephenson, being the same now occupied by you. Mr. George White is hereby authorized to receive possession of said lands and tenements, or house and lot you now occupy.                         Yours, etc.
Dated the 25th day of July, A. D. 1859.                 DAVID SEEM.

I, David C. Laird, a constable in and for said county and State aforesaid, being first duly sworn, doth depose and say that he served the above annexed notice upon the defendant, Ingram McLees, by leaving a copy with the defendant, Ingram McLees, on the 25th day of July, A. D. 1859.         D. C. LAIRD.

Subscribed and sworn before me this 16th day of January, A. D. 1860.
JOHN COATES, *Justice of Peace.*

On the back of which appears the following indorsement, to wit: "Executed the within notice by reading, and leaving a

copy of the same with the within named Ingram McLees, this 25th day of July, 1859."

The motion for a new trial was overruled.

D. Seem, *pro se.*

Burchard & Barton, for Appellee.

Caton, C. J.   The defendant was a tenant from month to month, and was entitled to one month's notice to quit, before he was liable to be sued in an action of forcible detainer.   If the notice offered in evidence was designed to terminate the lease at the end of the succeeding month, then the action was brought too soon, for that month had not expired.

But waiving this, and assuming that the notice offered was designed as the notice required by the statute, as preparatory to bringing the action, and it was insufficient.   It did not appear that the notice, or a copy of it, was left with the defendant, but it was read to him.   That statute says that the tenant holding over, " after demand made in writing for possession thereof," shall be adjudged guilty of forcible detainer, etc. A demand made by reading a paper to the tenant, is not a demand made in writing.   It is but an oral demand.   The statute intended that the tenant should have a written demand, to which he could refer, and which he could examine, that he need not depend upon his memory to know what the demand was.

The plaintiff insists, that by appearing before the justice, and contesting the case upon its merits, he waived any defect in the demand, and that it was too late to take the objection on appeal. The objection was not of a dilatory character.   Until such demand was made, the tenant was not guilty of forcible detainer under the statute.   The proof of the demand was an essential part of the plaintiff's case, as much so, as proof of the tenancy. If no such demand was made, the defendant was not guilty.

Nor did the affidavit, read on the motion for a new trial, showing that a copy of the demand had been left with the defendant, show any excuse why that proof had not been introduced on the trial.   There is no pretense that it was newly discovered evidence.   The inference is, that the proof was well known to the plaintiff at the time of the trial, and that it was his own fault that it was not adduced.

The judgment must be affirmed.

*Judgment affirmed.*