# JOHN L. DORAN

## *v.*

## CHARLOTTE M. GILLESPIE.

1. PRACTICE—*motion to quash complaint in forcible detainer.* Where the complaint in an action of forcible detainer is defective in substance, a motion to quash the complaint will avail the party alleging the deficiency.

2. FORCIBLE DETAINER—*of the demand—when it must be made.* The demand in writing, for possession, required to be made upon a tenant to authorize an action of forcible detainer against him, under the act of 1845, should be made after the determination of the time for which the premises were let. A demand made before that time will not avail.

3. SAME—*requisites of the complaint in that regard.* Unless the complaint shows that the demand for possession was made after the determination of the term, it is substantially defective.

4. Where a complaint alleged that the term had been "determined by expiration, and by due notice, in writing, served upon" the tenant, it was held insufficient, as it could not be inferred from the words "due notice," that there was a demand for possession made by the landlord.

5. SAME—*upon whom the demand must be made.* The written demand for possession should be delivered to the defendant himself. It is not sufficient that it be served "by delivering a copy to a person above the age of twelve years, residing on the premises."

6. SAME—*by whom the demand should be made.* A complaint in forcible detainer is substantially defective unless it shows the demand for possession was made or served by the plaintiff, or by some person authorized by him to serve it.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. JOHN L. DORAN, and Mr. E. VAN BUREN, for the appellant.

Mr. GEORGE F. HARDING, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of forcible detainer. At the June Term, A. D. 1870, of the Circuit Court of Cook county, this cause being pending therein on appeal from a justice's court, the defendant below, appellant here, made a motion, before the trial, that the court quash the writ and dismiss the suit for want of a sufficient complaint. The court overruled the motion, and appellant excepted. The cause was submitted to the court by agreement of parties, for trial without a jury. A trial was had, and the court found the defendant guilty. A motion was made by him for a new trial—overruled by the court and exception taken. Judgment was rendered upon the finding, and defendant brings the case here by appeal. The complaint is as follows :

"STATE OF ILLINOIS, ⎰ SS.
    County of Cook,  ⎱

To J. WINSHIP, Justice of the Peace :

Charlotte M. Gillespie, administratrix of the estate of Thomas and Sarah A. Smith, deceased, on being duly sworn, says that on or about the eighteenth day of April, A. D. 1868, the following described premises in the county of Cook, and State of Illinois, to-wit: the two-story frame house known as No. 218, Maxwell street, Chicago, were let by the said Charlotte M. Gillespie, administratrix, to John L. Doran for the term of, until May 1, 1869, which term has determined by expiration, and by due notice in writing, served upon the said John L. Doran by delivering a copy thereof to a person above the age of twelve years, residing on said premises, and the said Charlotte M. Gillespie is now entitled to the possession of said premises, and that the said John L. Doran, wilfully and without force, holds over such possession after the determination of the time for which said premises were let to the said Doran, and after such notice, wherefore affiant makes this complaint to said justice, and prays summons in pursuance of the statute.

    Sworn, etc.              CHARLOTTE M. GILLESPIE."

The ruling of the court below, in overruling the motion to dismiss the suit for want of a sufficient complaint, is assigned for error. If the complaint is substantially defective, the motion should have been allowed. *Jackson* v. *Warren*, 32 Ill. 331.

This action was based upon the first section of the forcible entry and detainer act of 1845, and the complaint is plainly defective in substance. The statute prescribes the elements of the cause of action in definite terms : " If any person shall wilfully and without force, hold over any lands, etc., after the determination of the time for which such lands, etc. were let to him, or to the person from whom he claims, *after demand made in writing for possession thereof*, such person shall be adjudged guilty," etc.

A construction of this statute as to all the points material to the decision of this case, has been given by repeated decisions of this court, and we decline to re-open the discussion of them. In *Prickett* v. *Ritter*, 16 Ill. 96, it was decided that the demand in writing for possession of the premises, under the act, should be made after the determination of the time for which they were let. "Such," said the court, "is obviously the meaning of the statute. Reason and analogy sustain this interpretation. No one should be put in the wrong by a demand which another had no right to make, of a thing he had no right to receive or possess."

The complaint wholly fails to show that the "notice in writing," therein mentioned, was served, even in the manner stated, after the determination of the time for which the premises were let; nor does it show that it contained any such demand of possession as required by the statute, or that it was made or served by the plaintiff, or any person authorized by her to serve it. The complaint says that the term had been "determined by expiration, and by due notice in writing, served upon said John L. Doran by delivering a copy to a person above the age of twelve years, residing on said premises." We are not warranted in inferring that it was a demand of possession made by her, from the words "due notice." These words express a mere legal conclusion, and will not answer in these complaints. The facts requisite to constitute the cause of action must be stated. By the statute, the jury are "to hear and try the said complaint," and juries hear and try questions of fact.

But if this notice could be deemed a demand of the possession, so far as its contents are concerned, which it can not, then the complaint is defective in substance, because it does not show that it was served by delivering it to, and leaving it with, the defendant. It was never intended by that statute to enable a landlord, in case his tenant was temporarily absent from home, to leave a notice on the premises and turn his family into the streets in his absence. In *Seem* v. *McLees*, 24 Ill. 192, the

court held that reading the notice to the tenant was not sufficient. " It did not appear," the court says, " that the notice, or a copy of it, was left with the defendant, but it was read to him."

The complaint is defective in substance, and the court below erred in overruling the defendant's motion to dismiss for such insufficiency. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*