Preston v. Zahl.

DAVID PRESTON ET AL.

v.

FREDERICK ZAHL.

|  |  |
|---|---|
| 4 | 423 |
| 165s | 366 |
| 4 | 423 |
| 106 | ¹448 |

1. FORCIBLE DETAINER—MEANING OF "PARTY."—Where land has been sold by virtue of the power contained in a trust deed, the action of forcible detainer is given to the purchaser, to recover the possession of the premises, from the party to such trust deed, and the term "party" includes any one holding the premises under the maker of the deed.

2. WHAT PLAINTIFF MUST SHOW—ESTOPPEL OF DEFENDANT.—In this action the plaintiff must show that the possession of the defendant is wrongful as against him, and this he may do by showing that the defendant went into possession under the grantor in the trust deed after the lien attached. The defendant under such circumstances is equally estopped with the mortgagor from disputing the right of the plaintiff.

3. FAILURE TO SHOW HOW DEFENDANT IS IN POSSESSION.—But where the plaintiff in this action failed to show any privity of estate between the defendant and the mortgagor, and there is nothing to disclose by what right the defendant is in possession, a case is not made out against him.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed November 1, 1879.

Mr. STEPHEN R. MOORE, for appellants.

Mr. THOMAS P. BONFIELD, for appellee; that the action of forcible detainer being in derogation of the common law, the requirements of the statute must be substantially observed, cited Schaumtœffel v. Belm, 77 Ill. 567.

The presumption of law is in favor of the jurisdiction of the court rendering judgment: Bimelar v. Dawson, 4 Scam. 536; Swearengen v. Gulick, 67 Ill. 208; Osgood v. Blackmore, 59 Ill. 261.

Official notice of a restraining order of court is not necessary: High on Injunctions, § 853.

PILLSBURY, P. J. The appellants commenced this action of forcible detainer before a justice of the peace, who, upon trial before him, rendered judgment for the defendant. Upon appeal to the Circuit Court of Kankakee county and trial in said court, judgment was again given for the defendant, and the plaintiffs below bring the case here by appeal.

The plaintiffs below, to maintain the issue upon their part, gave in evidence a trust deed upon the premises, the possession of which is sought to be recovered in this action, executed by John Dale and wife, and John Dunham and wife, to Daniel K. Pearsons, bearing date December 15, 1873, to secure the principal sum of $4,000, due January 1, 1879, and five interest notes of $400 each, due respectively on the first day of January in each year, the first falling due January 1, 1875. The trust deed provides that in case of default in payment of either of said interest notes, the whole sum becomes due and payable at once, and provides that the trustee, after having advertised said premises for twenty days in a public newspaper in Kankakee county, may sell said premises and all right and equity of redemption of said grantors, at the north door of the court house, and give purchasers deeds therefor.

The plaintiffs then gave in evidence the trustee's deed, reciting that default was made in the payment of the interest note maturing January 1, 1878, and that the holder of said principal and interest notes, The Ætna Life Insurance Company had declared the whole sum due, and had applied to the said trustee to sell said premises in pursuance of the terms of said

Preston v. Zahl.

trust deed and that in pursuance of the terms of said trust deed, and in accordance with said request, and under the terms of said trust, he had advertised the said premises for sale and sold the same to appellants.

The plaintiffs proved service of notice to surrender possession before suit brought, and the appellee admitted for the purposes of the suit that he was in possession of the premises at the commencement of the suit, and still remained in possession thereof.

The plaintiffs also introduced a deed of assignment from a register in bankruptcy, of all the effects of said John Durham, a bankrupt, to one Warren R. Hickox, as assignee, appointed by the District Court of the United States for the northern district of Illinois.

This was all the evidence offered by the appellants to show their right to recover the possession of the premises from the appellee.

Where land has been sold by virtue of the power contained in a trust deed, the action of forcible detainer is given to the purchaser at the-sale, to recover the possession of the premises sold from the party to such trust deed by the second section of Chap. 57, R. S. 1874, and the term " party "therein, is held to include any one holding the possession of the premises under the maker of the deed. Jackson v. Warren, 32 Ill. 341; Rice v. Brown, 77 Ill. 550.

The right to the possession of the premises in controversy, being the principal issue in forcible detainer, it is essential to the plaintiff's case that he should show that his right to the possession is superior to the right of the defendant to retain it; in other words, it should appear that the possession of the defendant is wrongful, as against the plaintiff. This can be, and is usually shown in cases of this kind, by proving that the defendant went into possession under the party to the trust deed after the lien attached to the land.

The defendant, under such circumstances, is equally estopped with the mortgagor from disputing the right of the plaintiff; for a mortgagor cannot, after conveying the premises, confer any better right thereto upon another than he himself possesses.

In this case no privity of estate is shown to exist between the defendant and the makers of the trust deed, or the assignee Hickox, either by purchase or lease from them, or either of them. He appears to be a stranger to the deed, and to the title, if any, of the grantors therein.

So far as disclosed by this record, he may be in possession of the premises under a patent from the government to himself, or under a title connected with such patent. It is suggested by counsel that if the defendant is not holding the possession under the mortgagors he could easily have shown it, and thus defeat a recovery.

The burden of proof is, as we have seen, upon the plaintiffs to establish their right to the possession of the premises as against the defendant; and as his possession is presumed to be rightful until the contrary appears, he is not called upon to disclose his right to retain such possession until a *prima facie* case is made out against him.

We are unable to say, from the facts in this case, that Dale and Durham, the grantors in the trust deed, ever had any interest in the premises paramount to the naked possession of the appellee.

The actual possession of real estate is presumptive evidence of ownership, and as the defendant is the only one shown by the proof to have ever been in possession, the presumption of his ownership and consequently the right to the possession of the premises is not rebutted by the production of a deed from parties who are, so far as disclosed by the evidence, total strangers to the title and the possession.

This being fatal to the appellant's right of recovery in this case, we have not deemed it necessary to determine the effect upon this proceeding of the order issued by the said District Court in bankruptcy restraining the trustee in making a sale of the premises upon the trust deed.

The judgment must be affirmed.

Judgment affirmed.