CHARLES LEHMAN, Impl'd,

v.

LOUISE WHITTINGTON.

1. FORCIBLE DETAINER—DEMAND IN WRITING.— A party who has purchased premises at a foreclosure sale, may, after the expiration of the time for redemption, bring forcible detainer therefor, after a demand in writing for the possession of the premises. A demand in writing is a condition precedent to plaintiff's right of recovery.

2. PROOF OF SERVICE OF DEMAND.—In such cases there must be proof that the written demand was served upon the defendant before the commencement of the suit. No presumption of its being served arises from the fact that such demand was admitted in evidence.

3. RIGHT TO POSSESSION MUST BE SHOWN.—Appellee claimed under a purchase at a trustee's sale, under one Cook, as mortagagor, there being nothing to show that Cook had a title, and appellant being then in possession, it was incumbent upon appellee to show that appellant was claiming under Cook.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed March 1, 1881.

This was an action of forcible detainer, brought by appellee

before a justice of the peace against appellant Lehman and Ernst Pagle, to recover the possession of certain premises of which Lehman was in possession by Pagle as his tenant. The case was taken by appeal to the circuit court, where a trial was had, resulting in a judgment for the plaintiff. Lehman brings the case to this court for review.

It appears from the bill of exceptions that appellee purchased the premises in question at a trustees sale, made under the powers expressed in a trust deed, executed by one Francis Cook and wife to William C. Grant to secure certain promissory notes payable to appellee, and obtained a trustee's deed therefor from Grant as such trustee. Upon the trial in the court below, appellee read in evidence a notice and demand in writing for the possession of the premises in question, but offered no proof that the same had been served upon the defendant prior to the bringing of suit.

The other facts in the case sufficiently appear in the opinion of the court.

Mr. C. Stuart Beattie, for appellant; that there must be a demand in writing for possession, cited Rev. Stat. 1874, 535, § 2.

It must appear that appellant held under the maker of the trust deed: Rice v. Brown, 77 Ill. 549; Jackson v. Warren, 32 Ill. 331.

A person in actual possession is presumed to be the owner of the fee: Doty v. Burdick, 83 Ill. 473.

This suit must be brought within some of the provisions of the forcible detainer act: Steele v. Price, 11 Ill. 92; Steiner v. Priddy, 28 Ill. 179; Haskins v. Haskins, 67 Ill. 446.

The fact of service of the notice must be proved: Hinterberger v. Wendler, 2 Bradwell, 407; Doran v. Gillespie, 54 Ill. 366; Ball v. Peck, 43 Ill. 482; Wheeler v. Fisk, 2 Bradwell, 447; Vennum v. Vennum, 56 Ill. 430.

A judgment unsupported by evidence cannot stand: Ragor v. Kendall, 70 Ill. 95.

Messrs. Grant, Swift & Brady, for appellee, cited Hayes v. Lawver, 83 Ill. 182; Hewitt v. Jones, 72 Ill. 218.

WILSON, J.   Two grounds are urged by appellant for the re-
versal of the judgment: First, that there was no proof of ser-
vice of the notice and demand for the possession of the prem-
ises in question; Second, that appellee failed to show that ap-
pellant was in possession of, or claimed any right to the prem-
ises through Cook, the grantor in the trust deed. Both
grounds we think are well taken. The theory of appellee's
case was that appellant, Lehman, was by his tenant, Pagle, in
possession of the premises, under Cook, and that appellee, hav-
ing purchased the same at a sale made by Grant as trustee, and
obtained from him a trustee's deed therefor, was entitled to her
action of forcible detainer against Lehman to recover the pos-
session.  The sixth specification of section 2 of the act in rela-
tion to forcible entry and detainer, provides that when land
has been sold under a power of sale in any mortgage or deed
of trust contained, and the party to such mortgage or deed of
trust, after the expiration of the time of redemption has ex-
pired, refuses or neglects to surrender possession thereof, "af-
ter demand in writing by the person entitled thereto," an
action of forcible detainer may be maintained.

By this statute a demand in writing for the possession of the
premises, before the commencement of the suit, is a condition
precedent to the plaintiff's right of recovery. The remedy
being purely statutory, must be pursued in strict accordance
with the requirements of the statute. It appears from the bill
of exceptions that the plaintiff read in evidence a notice and
demand in writing for the possession of the premises, but
offered no proof that the same had been served upon the de-
fendant before the commencement of the suit. It is claimed,
however, by appellee's counsel that proof of service was waived
by the defendant's attorney at the time, but as such waiver is
not admitted, and does not appear in the bill of exceptions, nor
elsewhere in the record, the case must be taken as if proof of
service was neither offered nor waived.

But it is insisted that, inasmuch as the demand for posses-
sion was admitted in evidence, it will be presumed that it was
sufficient, and that it would not have been admitted unless ser-
vice thereof had been first shown. The demand for possession

Lehman v. Whittington.

is not set out in the record, but if, as was ruled in Hayes v. Lawver, 83 Ill. 182, it is to be presumed that the terms of the demand were in conformity with the statute, it by no means follows that any presumption arises that the demand had been served upon the defendant. Proof of the demand, and proof of its due service, are separate and distinct links in the plaintiff's chain of evidence, and the court would not necessarily require that the one should precede the other in the order of proof. The proof of service of the demand if not waived, should have been preserved in the record, that the court might judge of its sufficiency. For aught that appears, if any service was made, it may have been by reading only, without leaving a copy. As was said in Seem v. McLees, 24 Ill. 192, "A demand made by reading a paper to the tenant is not a demand made in writing; it is but an oral demand. The statute intended that the tenant should have a written demand to which he could refer, and which he could examine, that he need not depend upon his memory to know what the demand was. "

As to the second point, it is enough to say that appellant was not a party to the Cook trust deed, nor was there any sufficient evidence that he was in possession of the premises under Cook. It appears that he had had some negotiations with a view of purchasing Cook's interest in the property, but upon being furnished with an abstract of the title, and becoming satisfied that Cook did not have a good title, he declined to purchase. How he happened to be in possession of the property, whether he entered under some one having a superior title to Cook's or otherwise, does not appear.

But it is claimed by the learned counsel for appellee, that if the case does not fall within the provisions of the sixth clause of the section above quoted, appellee was entitled to recover under the second clause, which provides that an action of forcible detainer may be maintained " when a peaceable entry is made and possession is unlawfully withheld. " If it be conceded that that provision is broad enough to cover a case like the present, we do not see that it can avail anything to appellee under the facts proven. As appellant was in the peaceable possession of the premises, such possession did not become wrong-

ful as against appellee, until the latter had shown a right to the possession; and as her right to the possession depended upon such title as she acquired from Cook under his trust deed, and he not being shown to have had any title, it is difficult to perceive how, as against appellee, the possession was unlawfully withheld.

If, on the other hand, appellee acquired a good title by her purchase at the trustee's sale, as appellant was at the time in the peaceable, and, so far as appears, in the rightful possession of the premises, there must have been a demand and refusal to surrender the possession, in order to constitute an unlawful withholding within the meaning of the statute. The necessity of such demand is conceded by appellee's counsel. As there was no proof of a demand, the case was not made out.

The judgment of the court below must be reversed, and the cause remanded for a new trial.

Reversed and remanded.