PEu OrnlI~r. This action was brought by appellant against appellees under tile sixth clause of the second section of the Forcible Entry and Detainer Act, which gives such action where land has been sold under the judgment or decree of any court in this State, and the party to such judgment or decree, after the expiration of the time of redemption, refuses or neglects to surrender possession after demand in writing Lv the person entitled thereto. Appellees were not parties to the judgment under which. the premises were so'd, and there is nothing in the record to show they went into possession under Foster A. Baird, who was one of' the defendants in the judgment, and as to whose p1'oper~y the land had been sold on execution. An action of I~rcible detainer, under this specification of said sixth clause, lies oniy against a "party to such judgment or decree." The parties to the judgment would inc'ude only those against whom it was recovered, and those who are bound by it. No privity of estate is shown to exist between the appellees and the judgment debtor; and even if that were or could be assumed it does not appear their possession is in subordination to the title or right of possession of appellant. Jackson v. Warren, 32 Ill. 331; Rice v. Brown, 77 Id. 549; Nicholson v. Walker, 4 Bradwell, 404; Preston v. Zahl, 4 Bradwell, 423. The judgment is affirmed. Affirmed. Casey, P. J., took no part in the decision of this case.