# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1902.

## Sarah F. Carter v. Ida O. Reynolds.

1. TITLE—*Possession of Land Under a Claim of Ownership is Prima Facie Evidence of.*—One who is in possession of land claiming to be the owner by virtue of a deed of conveyance, has *prima facie* a fee estate in the lands.

2. SAME—*Judgment Creditor's Grantor Redeeming from Sales Based on Levies of Person Ignorant of Unrecorded Deed.*—The grantors of a judgment creditor redeeming from sales which are based on levies made by persons who were in no way cognizant of an unrecorded deed of the debtor transferring her title to a third person, acquire a title and right to possession of the land which would be superior to the title and claim of possession under the unrecorded deed.

3. FORCIBLE DETAINER—*Possession of Judgment Debtor After Conveyance by Sheriff's Deed.*—The possession of the judgment debtor after the land has been sold under execution and the sale ripened into a sheriff's deed, is unlawful, and the purchaser may maintain an action of forcible detainer to recover possession.

Forcible Entry and Detainer.—Appeal from the Circuit Court of Perry County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

G. GALE GILBERT and WILLIAM H. GREEN, attorneys for appellant.

W. H. HART and B. W. POPE, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellant commenced an action of forcible entry and detainer under the sixth clause of section 2, chapter 57, Hurd's Revised Statutes, 1901, before a justice of the peace of Perry county, to recover possession of 240 acres of land in that county. The action was originally begun against the tenants of Ida O. Reynolds, who entered her appearance in the justice's court; a trial was there had before a jury and a verdict was returned in favor of the defendants, and judgment was rendered thereon. An appeal was taken by the plaintiff to the Circuit Court of the county. A jury being waived the case was tried by the court, which found the issues for the defendant and rendered judgment for costs against the plaintiff. The action was dismissed as to all the defendants except Ida O. Reynolds. ·

On the 5th·day of June, 1896, one William Brunt conveyed the lands in controversy to Lillie M. Arbuckle, a sister of appellee. Afterward eight executions from the Circuit and County Courts of Jefferson County, directed to the sheriff of Perry county, were issued on judgments rendered in those courts against Lillie M. Arbuckle. The sheriff levied the executions on the lands in question and filed proper certificates of levy on February 12, 16, 17, 18, 19, 1897; and after having duly advertised them for sale, he sold the lands on the 13th day of March, 1897, to W. Duff Green for the sum of $800.81. Green received a certificate of purchase of the lands, issued by the sheriff on the same day. On the 13th of June, 1898, James P. Carter and Eugene M. Peavler, as judgment creditors of Lillie M. Arbuckle, under one of the executions issued out of the Circuit clerk's office of Jefferson county against Lillie M. Arbuckle and George Arbuckle, her husband, redeemed the lands from the execution sale to Green, and the sheriff executed a certificate of redemption therefor. The lands, after having been again advertised for sale, were sold on the 9th of July, 1898, to Carter and Peavler. No further redemption being made, the sheriff of Perry county executed a deed for

the premises to Carter and Peavler; on the 10th of August, 1898, Carter and Peavler conveyed the lands to appellant.

On the 12th of March, 1897, a deed to all the lands was filed for record in the office of the circuit clerk of Perry county. This deed purported to have been executed on the 7th of July, 1896, by Lillie M. Arbuckle and her husband to Cynthia Bradshaw and Ida O. Bradshaw (now Reynolds). Cynthia Bradshaw was the mother of appellee; she died on the 22d of February, 1897. At the May term of the Circuit Court of Perry County, 1899, appellee and her brothers and sisters filed a bill in chancery for partition of the lands embraced in this action; the bill further sought to remove the certificates of levy, the sales, the redemption and the sheriff's deed to Carter and Peavler, and also the deed of the latter persons to appellant, as clouds on the title of complainants. Appellee alleged in the bill that she was the owner of nine-sixteenths of the premises. Carter, Peavler, Green, Sarah F. Carter and the sheriff were made defendants to the bill. Answers were filed by all of the defendants denying that the certificates of levy, sales, redemption and the sheriff's deed were invalid; denying that the complainants owned the lands in controversy, and that appellee was in possession or entitled to the possession of the lands. Replications were filed to the answers; evidence was taken and the cause heard at said May term of court. A decree was rendered dismissing the bill, and this decree never having been set aside or reversed, remains in full force and effect. The pleadings and the decree of that case were introduced in evidence in this case for the purpose of showing that appellee took no title to the lands by the deed of July 7, 1896, as against the appellant. Appellee objected to the introduction of the chancery record in evidence, but has failed to assign cross-errors in this court.

At the trial of the present case, James H. Thomas testified for the plaintiff, that Lillie M. Arbuckle claimed to own the land in 1896, when he was her tenant; that he was in possession of the land in 1897 and paid rent to Mrs. Arbuckle; that he also paid the rent for 1898 to Mrs.

Arbuckle; that in 1898, Mrs. Arbuckle brought a lady with her to the farm, whom she introduced as Miss Bradshaw, asking the witness to pay the rent to her, as she owned the land; that he told Mrs. Arbuckle he was not acquainted with Miss Bradshaw, and he would pay the rent as he had done theretofore, to Mrs. Arbuckle, and that she could pay Miss Bradshaw.

It was admitted at the trial that Miss Bradshaw and Mrs. Reynolds are one and the same person. No evidence was offered by appellee. On motion of appellee the court held the following proposition to be the law of the case: "The court holds as a proposition of law, that the evidence fails to show a right of recovery and is insufficient to maintain a judgment in favor of the plaintiff."

A motion has been made to dismiss the appeal because a freehold is involved. The motion was taken with the case. The present status of the case discloses no controversy in reference to a freehold. Lillie M. Arbuckle is the common source of title of the contending parties to this record; at the time when the record title to this land stood in her name and while she was in possession of the land by her tenant, appellant's grantors, by judgment, execution, levy, sale, and sheriff's deed, acquired whatever vendible title Mrs. Arbuckle had in the premises. *Prima facie*, Mrs. Arbuckle had a fee estate in the lands, for she had a deed from Brunt which was at least claim and color of title, and she was in possession, claiming to be the owner of the land. Keith v. Keith, 104 Ill. 397; Gosselin v. Smith, 154 Ill. 74. If, then, appellant's grantors redeemed from sales which were based on levies made by persons who were in no way cognizant of the deed of July 7, 1896, they acquired a title and right to possession of the land which would be superior to the title and claim of possession under the unrecorded deed. Smith v. Willard, 174 Ill. 538. Or, to put the matter more precisely in accordance with the facts as they appear in this record, appellant's grantors, by their judgments, executions, and sheriff's deed, succeeded to the *prima facie* fee title of Mrs.

Arbuckle. Appellee made no proof of title in herself, nor was such proof furnished by appellant. True, appellant introduced as a part of her case the deed from Mrs. Arbuckle to Mrs. Reynolds, but this evidence was merely by way of inducement to the chancery record which was introduced in connection with the deed, so as to make it certain what the chancery record dealt with. If the chancery record was rightly in evidence (and we do not pass on that question), then it would seem that appellee's claim of title under that deed was adjudicated adversely to her in that case, whether appellant asked and secured affirmative relief or not, by a cross-bill praying for the cancellation of the deed of July 7, 1896; and if the chancery record was wrongfully admitted in evidence, then there would be no proof of any deed to appellee, because the deed was offered and admitted in evidence as a part of the chancery record. In such event, the only title of appellee would be that which grows out of the possession, which she took some time in the summer of 1898, from Mrs. Arbuckle, after the levies, redemption and sales, and perhaps after the sheriff's deed was executed. And such a title would be in privity with that of the execution defendant, Mrs. Arbuckle. Under the sixth clause of section 2, above referred to, the possession of Mrs. Arbuckle became unlawful when the sales under the executions ripened into a sheriff's deed, and the possession of any other person who held under Mrs. Arbuckle, subsequent to the levies, would also be unlawful. Peters v. Balke, 170 Ill. 304; Jackson v. Warren, 32 Ill. 331; Nicholson v. Walker, 4 Ill. App. 404; Preston v. Zahl, 4 Ill. App. 423; Kratz v. Buck, 111 Ill. 40. The rulings in Lehman v. Whittington, 8 Ill. App. 374, and in Kingsbury v. Perkins, 15 Ill. App. 240, are not in point, because there was no proof in those cases that the defendant in the forcible entry and detainer case derived his possession from the execution defendant.

· From what we have said it necessarily follows that there is no freehold involved in this record as it is made up; and the motion to dismiss the appeal is overruled. It also

follows that the court erred in finding the issues for the defendant.

Whether, upon another trial, if appellee shall attempt to prove title and possession, or right of possession, in herself, under the deed upon which she founded her chancery suit, so as to defeat this action, it will, in this kind of an action, be competent to introduce the chancery record to prove the invalidity of that deed, we do not express any opinion, because appellee has assigned no cross-errors upon the court's action in admitting that record in evidence in the present case, and anything that we might say in the premises would be a mere *obiter dictum*, appellant being in no position to assign error on a ruling made at her own instance.

The judgment of the Circuit Court is reversed and the cause is remanded.