THOMAS PEARSON

*v.*

ABRAHAM HERR.

1. FORCIBLE ENTRY AND DETAINER—*for what purposes a deed is admissible in evidence.* In the action of forcible entry and detainer, the title to the premises is not involved, and the introduction of a deed to the plaintiff, if for such purpose, is not allowable; but for the purpose of establishing the

extent of his claim, it is admissible. It is also admissible to show the *animus*—the intention with which the party entered, in connection with the possession and improvements on a farm, to which a wood lot is an adjunct, the latter being the land in controversy.

2.  SAME—*of the character of possession required to maintain the action.* It does not require an actual *pedis possessio* in all cases, to support the action of forcible entry and detainer. Actual possession may exist, by proof of something short of an actual residence on the land, or inclosing it by a fence, as in case of a wood lot, uninclosed, but used as an adjunct to a farm, from which the latter is supplied with timber, wood and rails.

3.  In this case a party purchased two tracts of land from the same person, one, a farm, on which the purchaser resided, the other, a wood lot, three-fourths of a mile from the farm, uninclosed, with no improvements upon it, but used for the purpose of supplying the farm with timber, wood and rails, and used in that manner constantly and regularly, and without question by any one, for near sixteen years, when a forcible entry was made upon it: *Held*, the owner had such a possession of the timber land, as would enable him to maintain an action of forcible entry and detainer, and the deed to him, for both tracts, was admissible, in connection with proof of the use of the tract, to show the character and extent of his possession.

4.  The possession of a farm draws to it the possession of the woodland belonging to it, though not inclosed, especially if repeated and unchallenged acts of ownership are shown.

5.  SAME—*former decision.* The case of *McCartney* v. *McMullen*, 38 Ill. 241, goes to some extent in the direction of establishing the doctrine, that nothing less than an actual *pedis possessio* will support the action of forcible entry and detainer; but the case itself shows no such possession, by continuous use, for a series of years, under color of title, as is shown in this case.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action of forcible entry and detainer, brought by Abraham Herr against Thomas Pearson. The tract of land, upon which the wrongful entry is alleged to have been made, was woodland, unimproved and uninclosed.

On the trial, the plaintiff, against the objection of the defendant, was permitted to read in evidence a deed to him from one Henderson, for this woodland, and another tract. The use to which the timber land was applied, will appear from

10—53RD ILL.

the testimony of the plaintiff and others, which was as follows:

That he purchased the land in 1850; that the other tract mentioned in the deed read, he had occupied as his home farm since A. D. 1850; that the tract in controversy is about three-fourths of a mile distant from his home farm; that he took possession of the twenty-five acre tract in 1850, by cutting rail timber and firewood on it, and continued, up to the time the defendant went into possession, every year to get firewood off this tract, and made a great many rails—once as many as three or four thousand at one time—on the land, and hauled them to his farm; that he frequently got other timber off this tract; that from 1850 to 1865, he was on the land getting something as often as every two months—he got all his firewood off it except his summer wood, which he got some times from his home farm; that in 1865, he found defendant on the land, digging a well, or cellar; notified him that he (plaintiff) was owner of the land, and that he (defendant) must leave it; defendant packed up his tools, went away, but afterward came back, and has been in possession ever since; that the surrounding tracts of land were vacant timber tracts; that was all the possession he ever took, and all he did was to get timber, rails and wood.

*Henry Herr* testified: That he had known land in controversy since A. D. 1850; that until 1865, plaintiff was in the habit of getting all his firewood from this tract, except that in the summer time he got wood sometimes from dead timber on his home farm; he got rails and timber off this land, frequently, that went to improve plaintiff's other land; the plaintiff had three thousand rails made on this land at one time; that the land was called Herr's (the plaintiff's) land in the neighborhood; that witness lived about one and a half miles from tract in controversy, and knows that plaintiff was frequently on the land, and getting timber off of it.

*George Herr:* Knew land in controversy from A. D. 1850, to 1861; that plaintiff got his firewood off the land in controversy, except when he got it off of his home farm sometimes,

in the summer time, and also got rails and timber at different times, and hauled same to his home farm; that in the neighborhood, this tract was called the plaintiff's timber tract.

*John Fisher* testified: That he knew land in controversy— was known as plaintiff's land; lives near the land, and knows that plaintiff frequently cut wood, rails and timber on this tract, and hauled to his home farm; that for five or six years he saw plaintiff or his workmen on the land every few months; has helped plaintiff load timber on his wagon on this land.

The trial resulted in a finding and judgment for the plaintiff. The defendant thereupon sued out this writ of error, and now insists the court below erred in admitting in evidence the deed to the plaintiff, and that the plaintiff had no such possession of the tract of land in controversy, as would enable him to maintain this action.

Mr. S. P. SHOPE, for the plaintiff in error.

It was error to admit in evidence the deed to the plaintiff, as the question of ownership can not be inquired into for any purpose, and evidence of facts tending to show claims of title, and which do not show possession, is improper and irrelevant. *Spurk* v. *Forsyth*, 40 Ill. 441; *McCartney* v. *McMullen*, 38 Ill. 241. If actual possession had been proven, of a part of this or of an adjoining tract, perhaps it might have been competent, under the authority of the case of *Boyce* v. *Blake*, 2 Dana, 127. But here there was no actual possession of a part or of any adjoining tract. The farm of the defendant in error, was three-fourths of a mile distant, and the tracts adjoining the one in question, were vacant timber land. So also the evidence that the defendant in error continued to get firewood, rails and timber from this land for a number of years, may tend to show title or a trespass, or continued trespasses, but nothing more. These acts no more put him in possession of this tract, than they would or did of any other vacant tract that he did or might have trespassed upon.

But waiving the question of the admissibility of this evidence, the doctrine is too well settled to admit of argument, by the well considered cases above cited, and numerous others—" That nothing short of *pedis possessio* can be held to support this action." "And it is believed no well considered case can be found which announces such a rule."

The sale of wood, timber, stone or coal, or the licensing of other persons to take them, are acts indicating an assertion of ownership, " but none of them, or even all, will constitute a possession that will support forcible entry and detainer." 38 Ill. 241.

Mr. G. BARRERE, for the defendant in error.

The deed was properly admitted in evidence, for the purpose of showing the extent of defendant's possession, boundaries of land claimed, and that defendant entered under a conveyance, and claim and color of title. *Davis* v. *Easley et al.* 13 Ill. 198 ; *Brooks* v. *Bruyn,* 18 Ill. 543 ; *Sawyer* v. *Newland,* 9 Vermont, 380.

To constitute possession, there must be an exercise of acts of ownership on the land itself; but it is not necessary that there should be actual residence thereon, nor improvements made thereon, nor even the land inclosed by a fence. But actual possession may be shown in many other ways, such as the sinking of a shaft, mining coal, removing rock from quarry, and by felling, cutting, selling and removing the trees thereon, under color of title ; cutting firewood, and removing it to home farm for consumption ; cutting and making rails thereon, to improve home farm, (such being all the possession which can be had of a wood lot, reserved and used exclusively for fuel, fencing, etc.) A constant and uninterrupted use for those purposes, is undoubtedly sufficient to constitute actual possession, and to enable the defendant in error to maintain his action. *Elliott et al* v. *Pearl,* 10 Peters, 412 ; *Doolittle* v. *Linsley,* 2 Aiken, 155 ; *Sawyer* v. *Newland,* 9 Vermont, 383 ;

*Davis* v. *Easley et al.* 13 Ill. 198; *Brooks* v. *Bruyn*, 18 Ill. 542, and 25 Ill. 380; *Dills* v. *Hubbard*, 21 Ill. 329.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

In the action of forcible entry and detainer, it is well settled the title to the premises is not involved, and the introduction of the deed to plaintiff, if for such purpose, was not allowable, but for the purpose of establishing the extent of his claim, it was admissible. *Turney* v. *Chamberlain*, 15 Ill. 273; *Dill* v. *Hubbard*, 21 ib. 328. In the last named case, this court said, also, the deed was admissible, to show the *animus* — the intention with which the party entered, in connection with the possession and improvements on the adjoining quarters. It seems the plaintiff had purchased two tracts of the same vendor, one of which consisted of his farm land, arable land, and the tract in controversy, his timber land.

It is said by plaintiff in error, that defendant in error had no actual possession of this tract. But it is proved it was an adjunct to his farm, and that he had all the possession an owner of timber land usually has. He took timber, rails and wood from it without stint, and without challenge from any person, for near sixteen years prior to the time of plaintiff's entry upon it. The possession of a farm unquestionably draws to it the possession of the woodland belonging to it, though not inclosed, especially if repeated and unchallenged acts of ownership are shown. The proof is ample that the plaintiff in the action, had all the possession one can have of a wood lot, reserved and used exclusively for fuel, and fencing, and other necessary farm purposes. The court said in *Davis* v. *Easley et al.* 13 Ill. 192, that a party having a deed for a tract of land, covered with timber, and which is used in support of the farm for an uninterrupted period of time, from which he habitually takes firewood, rails and other materials, has such an actual possession as will entitle him to maintain an

action of replevin against a party who shall convert a portion of the timber growing upon such land into boards.

In *Brooks* v. *Bruyn*, 18 ib. 539, actual possession of timber land is defined, and is said to consist of such acts as the plaintiff repeatedly performed in regard to this tract of land.

In the case of the same parties, 24 ib. 372, it was held, that possession of land might be manifested by other acts than by inclosing it with a fence, referring to *Meredith* v. *Pearl*, 10 Peters, 413, where this doctrine is distinctly announced. This was a case on the trial of a writ of right, and the court say, the assumption that there can be no possession to defeat an adverse title, except by an actual residence or an actual inclosure, is a doctrine wholly irreconcilable with principle and authority. Nothing can be more clear, than that a fence is not indispensable to constitute possession of a tract of land—that it is nothing more than an act presumptive of an intention to assert an ownership and possession over the property. But there are many other acts equally evincive of such an intention, such as entering upon land and making improvements thereon ; raising a crop; felling and selling the trees thereon, under color of title.

Other cases to the same effect might be cited.

The case of *McCartney* v. *McMullen*, 38 Ill. 241, is cited by plaintiff in error as establishing the doctrine that nothing less than an actual *pedis possessio* will support the action of forcible entry and detainer. It must be admitted that case goes to some extent in that direction, on the authority of decisions by the Supreme Court of Kentucky, but the case itself showed no such possession of the land by a constant use of it for a series of years, under color of title, and such use being the only use of which it was susceptible, as is shown in this case and kindred cases cited. Actual possession may exist by proof of something short of an actual residence on the land, or inclosing it by a fence. That case and this are dissimilar in their facts.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*