# DAVID HUFTALIN

*v.*

# CORNELIA MISNER.

1. EVIDENCE—*proof of service of demand.* In a forcible entry and de-tainer suit, the plaintiff testified that he served the demand for possession of the premises on the defendant on a given day, which was the same day the suit was brought: *Held,* that the proof was sufficient to sustain a find-ing of service before the suit was brought, if any demand was necessary.

2. FORCIBLE ENTRY AND DETAINER—*how long before suit, must demand be made.* The statute relating to forcible entry and detainer, and which requires a demand in writing for possession, does not require the demand to be made a reasonable time, or any definite time, before the commence-ment of suit.

3. SAME—*proof of possession.* Where the owner of premises had leased them for one year, and, at the expiration of the term, went to the farm and carried there a load of goods, and the tenant carried them up stairs into a room, and stated that he rendered up possession, and the landlord per-formed some acts preparatory to occupying the house, and left with the intention of returning on the following Monday, and had a deed for the whole premises, it was *held,* that this showed a sufficient possession of the premises to enable the landlord to maintain forcible entry and de-tainer against one taking forcible possession before his return.

4. SAME—*evidence to show extent of possession.* Where actual possession of a part of premises is shown to be in the plaintiff, in an action of forcible entry and detainer, the plaintiff's deed for the premises is proper evidence for the purpose of showing the extent of his possession.

5. SAME—*title not involved.* The owner of land is liable in forcible entry and detainer, if he makes a forcible entry upon the actual possession of the plaintiff. Therefore it is not error to refuse to allow the defendant to prove a mortgage of the premises, and that he entered under the mort-gagee.

6. NON-JOINDER OF PARTIES—*advantage of, how taken.* If a married woman sues alone, when she might be joined with her husband, the ob-jection can only be pleaded in abatement. It can not be reached by an instruction.

APPEAL from the Court of Common Pleas of the City of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. C. J. METZNER, for the appellant.

Mr. B. F. PARKS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible entry and detainer, brought by Cornelia Misner against David Huftalin, to recover the possession of certain premises in DeKalb county, consisting of about one hundred acres of land. The defendant below having been found guilty before the justice of the peace, and, also, in the Court of Common Pleas of Aurora, on appeal, has brought the case here by appeal.

It is first objected that there is not proof of a demand in writing for possession of the premises having been made a reasonable time before the commencement of the suit. The only testimony on that point, was that of the plaintiff. The suit was commenced September 4, 1871; the written demand of possession bears date of the same day. The plaintiff merely testified to having served it upon the defendant, without stating the time of service, or whether before or after the commencement of the suit. Whether it was served before or after the commencement of the suit, was a question for the jury. Their finding that it was served before, we see no reason to disturb. The statute does not require the demand to be made a reasonable time, or any definite time, before the commencement of the suit. We would not be understood however, as admitting the necessity of a demand of possession in a case of forcible entry and detainer.

It is objected that the plaintiff did not show that she had actual possession of the whole tract, at the time of the alleged unlawful entry; that if she had any possession, it was merely of one room in the house, and no more.

It was in evidence that the plaintiff had rented the premises to one Wyatt for one year, from August 28, 1870, to August 28, 1871; that soon after the expiration of the lease, she went to the farm, and carried there a load of goods; that Wyatt carried them up stairs into a room, and stated that he rendered up possession; that she performed some acts preparatory to occupying the house, and left, with the intention of

returning on the following Monday. That on her return, on that day, she found the defendant in possession and her goods put out in the road. She introduced a deed to herself of the premises. We think the evidence sufficiently shows that the plaintiff was in the actual possession of the whole premises as against Huftalin.

The deed to the plaintiff was properly admitted to show the extent of her possession.

The court rightly excluded proof of a mortgage to Sherman, and that the defendant went into possession under the mortgagee. Had Huftalin been the owner, he would have been liable to this action if he had made a forcible entry upon the plaintiff's actual possession. *Reeder et al.* v. *Purdy et ux.* 41 Ill. 279.

Objection is taken to the refusal of an instruction asked by the defendant, which was to the effect, that if the jury believed, from the evidence, certain facts, which would have constituted a tenancy by the curtesy in William Misner, the husband of the plaintiff, then they should find for the defendant; and also to the giving of an instruction for the plaintiff, that the fact that the plaintiff was a married woman, was no defense to her right of recovery.

If a married woman does sue alone, when she might be joined in the action with her husband, the objection can only be pleaded in abatement.

The first time this objection was raised in the case, so far as appears, was by the instructions. And although before a justice of the peace, where this suit was commenced, there are no written pleadings, yet any matter in abatement should be insisted upon at an earlier stage of the suit than was done here.

Finding no error in the record, we affirm the judgment.

*Judgment affirmed.*