ANN STILLMAN

*v.*

RAYMOND PALIS.

*Filed at Mt. Vernon November 5, 1890.*

1. FORCIBLE ENTRY AND DETAINER—*a possessory action only—title not involved.* The title to land can not be determined in the statutory proceeding of forcible entry and detainer.

2. So in such action it is not improper for the court, by instruction, to tell the jury that the title to the property is not involved, and that the material question for their determination is the right to the possession.

3. SAME—*demand before suit.*  Where a party makes an illegal and forcible entry upon land in the possession of another, no notice or demand for possession by the latter, before bringing forcible entry and detainer, is necessary.

4. SAME—*description of the premises.*  The description of land in a complaint in an action of forcible entry and detainer, from which the land is susceptible of being easily and definitely located by a surveyor, is sufficiently definite and certain.

5. . SAME—*motion to dismiss—too late after trial commenced.*  A motion in a forcible entry and detainer suit to quash the complaint and dismiss the cause, for the reason that the description of the premises is insufficient and uncertain, and for want of a demand, comes too late after the jury is impaneled and sworn and the trial commenced.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. H. CANBY, Judge of the City Court of East St. Louis, presiding.

Mr. WILLIAM P. LAUNTZ, for the appellant:

The description of the land is not sufficient to give jurisdiction. *Schaumtœffel* v. *Belm,* 77 Ill. 567; *Hughes* v. *Streeter,* 24 id. 648; *Thompson* v. *Sornberger,* 59 id. 326; *Mann* v. *Brady,* 67 id. 95; *Schackelford* v. *Bailey,* 35 id. 387.

There was an abandonment of possession. *Hassett* v. *Johnson,* 48 Ill. 68; *DeGraw* v. *Pryor,* 60 Mo. 56.

The legal title draws to it the legal possession of the land. *Hassett* v. *Johnson,* 48 Ill. 68.

Mr. M. W. SCHAEFFER, and Mr. J. N. PERRIN, for the appellee:

No notice or demand was necessary before suit, for the reason the entry was forcible.   An entry is forcible that is made against the will of the occupant.   *Reeder* v. *Purdy,* 41 Ill. 279; *Smith* v. *Hoag,* 45 id. 250.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an action of forcible entry and detainer, prosecuted by appellee, against appellant.   It seems that the parties are the proprietors of adjoining tracts of land, and that there

is a controversy between them in respect to their boundary line and the ownership of a narrow strip of ground. The question of the title to this strip can not be determined in this statutory action, (*Kepley* v. *Luke*, 106 Ill. 395,) and all matters of controverted fact are conclusively settled by the verdict and judgment in the trial court, and judgment of affirmance in the Appellate Court.

The facts of the case, as found by the courts below, so far as is necessary for the purposes of our decision, sufficiently appear in the special findings of the jury at the trial. They were, that appellee cultivated the premises in dispute during the year 1882, and husbanded the crops raised thereon that year; that he was in possession of said premises on the 15th day of March, 1883, and immediately prior thereto, and that appellant, on said 15th day of March, took forcible possession from appellee, of said premises.

It is urged it was error to strike from the files the motion interposed by appellant to quash the complaint and dismiss the cause, for the reasons the description of the premises was insufficient and uncertain, and no demand was made or notice given before suit brought. The action of the court was justified by the fact that the motion was not presented until after the jury was impaneled and sworn and the trial commenced. But, waiving this, the action of the court may be regarded as, in substance, a denial of the motion. The motion was not well grounded. The entry of appellant was charged in the complaint to have been illegal and forcible, and such being the case, no notice and no demand for possession, before the bringing of suit, was necessary. (See secs. 1 and 2 of Forcible Entry and Detainer act.) The description of the land in dispute that is contained in the amended complaint, seems to us, and is shown by the testimony of the surveyor, to be susceptible of being easily and definitely located. The error in regard to the motion is not well assigned.

The instructions given at the instance of appellee were not erroneous. It was not improper to tell the jury that the title to the property was not involved, and that the material question for their determination was the right to the possession. The second instruction did not assume that appellee was in the actual and peaceable possession of the premises, but simply stated, and with unusual accuracy, an abstract and correct principle of law, and without making any reference whatever to either of the parties to the controversy. It is claimed that there was no evidence upon which to base the third instruction. We think that even the evidence introduced by appellant herself was sufficient to show an actual, exclusive and peaceable possession by appellee. The fourth instruction was, in legal principle, like the third; and even if, as is suggested by counsel, it was "a straight jacket for the jury," yet it was well fitted to the case disclosed by the testimony.

The first instruction asked by appellant was so inaccurate and ambiguous in its phraseology that it could not easily have been understood by the jury, and was likely to either mystify or mislead them. It might well have been modified and given by the court; but if this had been done, it would have been of no benefit to appellant. There was no error in refusing it. The second instruction was covered by the instruction given by the court of its own motion. Instruction No. 3 was not based, and did not purport to be based, upon the evidence. Instruction No. 4 was directed only to a point which was immaterial to the issue. There was no evidence in the record to justify the giving of instructions 5, 6 and 8, and they were calculated to mislead the jury. The seventh instruction was obnoxious to the same criticism; and, moreover, it was objectionable for the reason that since the entry of appellant was forcible, no demand for possession was necessary.

There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*