# Andrew Ragor
## v.
# Charles P. McKay et al.

*Forcible Detainer—Evidence of Possession—Title Deeds—Validity of Titles Not Involved.*

1. In an action of forcible detainer, this court holds that there was sufficient evidence to show that defendant was in possession at the time the same was commenced.

2. Title deeds may be introduced in an action of forcible detainer to show the character or extent of the possession claimed, although the validity of titles can not be inquired into in such action.

3. Where a defendant has obtained possession of the premises involved through collusion with the plaintiff's tenant, he can not, until he has surrendered possession to the landlord, set up, as against the landlord, a right to possession otherwise acquired.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Samuel P. McConnell, Judge, presiding.

Appellees, as the heirs of Martha P. McKay, brought an action of forcible detainer against appellant. Upon the trial it appeared that Martha P. McKay, in her lifetime, for some eight years, leased the premises to one Bridget Tobin, the last lease to her being from January 1, 1883, to January 1, 1888. Bridget Tobin occupied the premises and paid rent therefor until June 12, 1886. After the last mentioned date John H. Whipple, the agent of Martha P. McKay, visited the premises, found that Bridget Tobin had left the house and that another party was occupying the same. Thereupon Mr. Whipple wrote to appellant saying, in substance, that the water tax on the house for the period from November, 1886, to May, 1887, being since he, appellant, bought Mrs. Tobin's house, was due, and that the lease required that the tenant pay the water

tax. Mr. Whipple testified that in response appellant called upon him, said that he had bought Mrs. Tobin's house, paying her $40 therefor, and had rented it, and would pay the water rent, and asked what the heirs would take for their interest in the lot. Appellant denied that he had ever said that he had bought the house of Mrs. Tobin, and testified that he had not bought the house, and did not own it; that he had paid water tax and held a tax deed of the premises, dated April 22, 1882; that he had testified on a former occasion that he bought the tax title for Mrs. Tobin to stay there and live. Appellant also offered the application for the proceedings leading up to, and the judgment under which the premises were sold and the tax deed issued, together with the said tax deed.

There was a finding and judgment for appellees, from which appellant took this appeal.

Mr. S. M. MEEK, for appellant.

Mr. J. W. MERRIAM, for appellees.

WATERMAN, P. J.   It is contended by appellant that there was no evidence tending to show that he was in possession of the premises at the time of the commencement of the action of forcible detainer, February 27, 1888. Appellant not having denied possession, the testimony of Mr. Whipple as to what appellant said to him about his having bought and leased the house was not only sufficient evidence of his possession at the date of that conversation, but the state of affairs shown to have then existed, being in the absence of evidence to the contrary presumed to still continue, was enough to warrant the court in finding that appellant was in possession at the time of the beginning of the suit. It is true, as appellant contends, that while in an action of forcible detainer the right to possession alone is in question, yet title deeds may be introduced in evidence for the purpose of showing the character or extent of the possession claimed (Pearson v. Herr, 53 Ill. 144); but appellant failed

to show that he took possession or was holding possession under his tax deed. Save as showing how he holds possession, his tax deed was not admissible at all; it could not be admitted as evidence of title because the title to the premises is not involved in an action of forcible detainer. Johnson v. Baker, 38 Ill. 98; Huftalin v. Misner, 70 Ill. 205; Thompson v. Sornberger, 59 Ill. 326; Spurck v. Forsyth, 40 Ill. 441; Smith v. Hoag, 45 Ill. 250; McGuirk v. Burry, 93 Ill. 118; Stillman v. Palis, 134 Ill. 532.

Appellant's apprehension that the judgment in this case may prove to have been a finding that his tax title is worthless, is unwarranted. The validity of titles can not be inquired into in an action of forcible detainer.

There was evidence tending to show that appellant, by collusion with Bridget Tobin, the tenant of Martha McKay, appellee's ancestor, obtained possession of the premises. Such being the case, appellant could not, until he had surrendered possession to those who claim under Martha McKay, set up a right to possession, otherwise acquired. Fortier v. Ballance, 5 Gilm. 41; Fusselman v. Worthington, 14 Ill. 135; Doty v. Burdick, 83 Ill. 473.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*