LOUIS GRIFFIN

v.

STEPHEN KIRK.

*Forcible Detainer—Accretion—Sand Bar—Riparian Rights—Title—Evidence—Action by Tenant.*

1. Deeds under which a party claim may be read in evidence in an action of forcible detainer for the purpose of showing the boundaries or extent of possession.

2. Where actual possession of a part of premises is shown to be in the plaintiff in an action of forcible detainer, the plaintiff's deed is proper evidence for the purpose of showing the extent of his possession.

3. The possession of a riparian proprietor is to the center thread of a given stream to as full an extent as if expressly included in the terms of the deed under which he claims, and he may maintain replevin for sand or gravel taken therefrom by a trespasser who invades that possession.

4. A person in possession of lands abutting upon a stream may maintain forcible detainer against one who invades his possession of lands acquired by accretion.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Randolph County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. Gordon & Allison and Warren N. Wilson, for appellant.

Messrs. H. Clay Horner and Alexander Hood, for appellee.

Mr. Justice Phillips. Appellee filed a complaint in an action of forcible detainer to recover certain lands in the complaint described, and on trial a finding and judgment was rendered for the plaintiff. Appellee was in possession of a certain tract of land a part of an island in the Mississippi river, which, as originally surveyed by the government, was surveyed as being in Illinois, and the land of which plaintiff was in possession was a tract on the west side of said island. The river on both sides of this island was navigable, but some time between 1865 and 1870 a sand-bar, or as termed by the witnesses, a tow-head, formed in the river between the island and the Missouri shore, which is separated from plaintiff's tract by a slough, which is sometimes dry and sometimes contains water. Timber is now growing on the sand-bar or tow-head, and it is separated from the Missouri bank of the river by the western channel of the Mississippi. One McBride, the owner of land on the Missouri side of the river, asserting some claim to this sand-bar, the defendant Griffin, claiming to be his tenant, took possession of a portion of the same and plaintiff brought this action to dispossess him. The questions presented by this record are as to the nature and extent of plaintiff's riparian rights, and whether forcible detainer may be maintained in such case.

The question of title is not involved in this proceeding. It appears from the evidence that Samuel Mausker was in possession of the southeast fractional quarter of section 5, township No. 8 south, of range No. 6 west, in Randolph County, Illinois, a tract of 108 acres. An execution and sheriff's deed was offered in evidence to show the sale of this tract of land on execution against one Alfred Puckett, the patentee, and the purchase of the same by Samuel Mausker, in 1861. No judgment was offered in evidence, and it is not

necessary for us to determine the effect of the execution and sale thereunder as conveying a legal title. It is well settled that in this action title is immaterial except for the purpose. of showing the extent of possession. Deeds under which a party claims may be read in evidence, however, in an action of forcible detainer for the purpose of showing boundaries or extent of possession. Brooks v. Bruyn, 18 Ill. 539. Mausker took possession and built a house on the 108 acres and cleared it and lived in the house.

Where actual possession of a part of premises is shown to be in the plaintiff in an action of forcible detainer, the plaintiff's deed is proper evidence for the purpose of showing the extent of his possession. Huftalin v. Misner, 70 Ill. 205.

Mausker, while in possession of the 108 acres, claimed the timber growing on the sand-bar or tow-head as belonging to him by reason of the accretion and controlled the sale of timber therefrom. Mausker died about 1885, and his executors, under a power in the will, sold and conveyed the fractional southeast quarter of section 5, township 8 south, range 6 west, containing 108 acres—to the plaintiff in this suit, who entered into possession of that tract. It was not error to admit in evidence the deed to Mausker, and the deed from Mausker's executors to plaintiff. This fractional quarter section of which plaintiff is in possession is the tract by which the plaintiff claims the tow-head as an accretion. The survey of the land described in plaintiff's complaint is made by projecting the lines from the shore to the center of the stream, so as to give the adjoining proprietor a portion of the accretion to a center thread of the stream in proportion to his shore line, and the possession of a riparian proprietor is to the center thread of the stream to as full an extent as if expressly included in the terms of the description. And he may maintain replevin for rock or gravel taken therefrom by a trespasser who invades that possession. Braxon v. Bressler, 64 Ill. 488.

And the riparian proprietor owning to the center thread, unless the grant shows a contrary intention, gives him the

use and appropriation of ice as an accession to his land and he may maintain trespass *quare clausum fregit* against any stranger who invades that possession. The Washington Ice Company v. Shortall, 101 Ill. 46. And as a necessary consequence it must be held that his right to recover in trespass in such cases is by reason of his ownership of the particular tract carrying his possession to the thread of the stream. A lease of the entire tract so abutting on a navigable river would necessarily carry the tenant's possession to the riparian rights of property so abutting. That the tenant might maintain an action for a trespass on his possession and one in possession of such tract may maintain forcible detainer against one who invades his possession of lands acquired by accretion.

We find no error in the record and the judgment is affirmed.

*Judgment affirmed.*