ASAPH GRIFFIN

*v.*

MARGARET C. JOHNSON.

*Filed at Mt. Vernon May 9, 1896.*

RIPARIAN RIGHTS—*title of riparian owner extends to middle of stream.* The title of a riparian proprietor upon a river extends to the middle thread of the stream, and embraces accretions formed by the lodging of drifts and deposits.

APPEAL from the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

GORDON & ALLISON, and WARREN N. WILSON, for appellant.

H. CLAY HORNER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of ejectment, brought by appellee for the recovery of a part of a tract of land formed by the lodging of drift and deposits in the Mississippi river, between land owned by appellee on Crain's island and the Missouri shore. The cause was tried by the court without a jury, and there was a finding and judgment for appellee.

The situation is the same as stated by Mr. Justice PHILLIPS in relation to an adjacent tract, in the case of *Griffin* v. *Kirk*, 47 Ill. App. 258. Crain's island is in the State of Illinois, and when it was surveyed by the government the main channel of the Mississippi river was on the Missouri side of the island. About the year 1845 the main or deep-water channel changed from the Missouri side of the island to the Illinois side, where it has since remained. For twenty years or more after that change the river also ran between the island and the Missouri shore, in a solid body of water. Twenty-five or thirty years ago what the witnesses called a "tow-head" was formed by the lodging of logs in this channel west of the island. Around these logs drift accumulated, causing a gradual increase, until there remained only a slough on each side. After the tow-head appeared the principal channel was west of it, and boats ran through there at some seasons, when the water was high, as late as 1892. These sloughs are sometimes dry, with the exception of water standing in low places, and when the river is high the water runs through them, principally on the west side of the tow-head or sand-bar. Plaintiff sought a recovery for that part of the land thus formed, embraced by projecting the lines from the shore to the center thread of the channel between Crain's island and the Missouri shore.

No propositions of law were submitted by either party, and no complaint is made of any ruling upon the trial. The only question is whether the court correctly decided upon the evidence. The title of plaintiff as a riparian proprietor extended to the middle thread of the stream west of the island. (*Middleton* v. *Pritchard*, 3 Scam. 510; *Braxon* v. *Bressler*, 64 Ill. 488.) The recovery of plaintiff was to the center thread, to which her title extended, and the finding and judgment were justified by the evidence.

The judgment will be affirmed.

*Judgment affirmed.*