## Louis Nauman, George Hurst and Charles Meyer v. John H. Burch.

1. BOUNDARIES—*Possession of Lands Abutting upon Rivers.*—The possession of a land proprietor abutting upon a river, extends to the middle of the stream to as full an extent as if expressly included in the terms of the deed under which he claims.

2. SAME—*Of Riparian Owners—Extent of.*—In determining the extent of the boundaries of a riparian owner his boundary line should be so projected from the shore as to give the adjoining proprietor a portion of the accretions to the center thread of the stream in proportion to his shore line.

3.  Riparian Owners—*Extent of Titles.*—The title of a riparian owner as proprietor extends to the middle thread of the stream upon which he abuts.

4.  Forcible Entry and Detainer—*By Riparian Proprietors.*—The action of forcible entry and detainer lies in favor of a riparian owner for the possession of lands owned by him as such.

5.  Demand—*For Possession in Forcible Entry and Detainer.*—Where one wrongfully or unlawfully enters upon the possession of another, though he is no more than a mere intruder he is not entitled to a demand for possession.    The wrongful entry is consummated the moment the entry is made and the right to maintain the action of forcible entry and detainer vests at once in him whose possession is thus invaded.

6.  Adverse Possession—*Deed Unnecessary to Transfer the Possession—Parol Evidence.*—A deed is not necessary to transfer the possession of lands held adversely by different occupants.    When one succeeds to the possession of another, the identity and continuity of their possession, in order to make up the period required to bar the owner, may be shown by parol evidence.

Forcible Entry and Detainer.—Appeal from the Circuit Court of Randolph County; the Hon. Martin W. Schaefer, Judge, presiding. Heard in this court at the February term, 1900.  Affirmed.  Opinion filed September 8, 1900.

R. E. Sprigg and E. A. Rozier, attorneys for appellants.

A person is entitled to accretions only where he is in fact a riparian proprietor; if land owned by another lies between his boundary and the stream, he is not entitled to it. Bristol v. Carroll County, 95 Ill. 84.

Where he owns on a navigable slough or arm of such stream, his boundary is the middle of the stream of the slough.    Fuller v. Dauphin, 124 Ill. 542; Canal Trustees v. Haven, 11 Ill. 554; City of Chicago v. Laflin, 49 Ill. 172; Lovingston v. St. Clair County, 64 Ill. 56.

H. Clay Horner, attorney for appellee.

One in possession of part of a body of land, with color of title to whole, may maintain forcible detainer against an intruder on the wild land.  Adverse possession without color of title, must be open and notorious and continuous for twenty years, and is effective only to the bounds of such adverse actual possession.  .Nothing but color of title can

extend possession beyond the boundaries of such actual pos-session. Griffin v Kirk, 47 Ill. App. 259.

No demand is necessary where a squatter intrudes upon wild land in the possession of one who has possession of part with color of title to the whole. Griffin v. Kirk, 47 Ill. App. 259; Fitzgerald v Quinn, 165 Ill. 334.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of forcible entry and detainer in the Circuit Court of Randolph County, by appellee against appellants, to recover possession of certain lands described in the complaint. Jury was waived, and trial was by the court without a jury, by agreement. The court found the issues for appellee and rendered judgment against appellants for possession. From this judgment appellants prosecute this appeal to this court.

The complaint alleges that appellee is the owner and en-titled to the possession of certain lands therein described, and charges that appellants unlawfully entered upon and unlawfully withhold the possession thereof from him. To this complaint appellants pleaded, " not guilty," upon which issue is properly joined.

The land in question is part of a bar, or island, which has arisen in the Mississippi river, between the center of the river and the river bank on the Illinois side. Appellee owns and was in actual possession of certain lands in Illinois, of which the Mississippi river is the western boundary, and claims the lands in question as a riparian proprietor.

Appellants' first contention is, that appellee is not a riparian proprietor.

It is not insisted that he does not own the shore land claimed by him, nor that the river is not its western bound-ary, but that he had no right to project the boundary lines of his shore land from the bank to the center of the river. We regard this question as conclusively settled by our own court and the Supreme Court of this State. In Griffin v. Kirk, 47 Ill. App 258, it is held that the possession of a proprietor abutting upon the river extends to the middle

of the stream to as full an extent as if expressly included in the terms of the deed under which he claims. In Griffin v. Johnson, 161 Ill. 377, the above cited case is quoted with approval by the Supreme Court, and that court holds that the title as riparian proprietor extends to the middle thread of the stream. And in Bellefontaine Co. v. Niedringhaus, 181 Ill. 426, it is held that the boundary line between the State of Illinois and the State of Missouri, as well as the boundaries of Illinois proprietors, is the center thread of the Mississippi river. The lines should be so projected from the shore as to give the adjoining proprietor a portion of the accretion to the center thread of the stream, in proportion to his shore line. This the evidence shows was done in the case at bar, and by the same methods approved in the cases above cited. Appellee was a riparian owner and proprietor of all the land in dispute that fell between his projected lines as accepted by the trial court, and for which that court gave him judgment.

Appellants' second position is, that appellee was never in possession of the land in dispute, and therefore can not maintain this action. The undisputed evidence is, that he was and had for many years been in actual possession of abutting shore land under title by deed thereto. The law in this State is, that possession of a part of a tract of land, under title, or even color of title, to the whole tract, is possession of the whole, and that such possession is sufficient to support the action of forcible entry and detainer, or forcible detainer. This principle is held in Griffin v. Kirk, above cited, to apply to cases of the character before us, as well as to those where the fact of accretion is not involved.

Appellants' counsel insist that this case must fail for want of demand for possession prior to commencement of suit. The complaint in this case charges that appellants unlawfully entered upon and unlawfully detain the possession. This is an action of forcible entry and detainer. Where one wrongfully or unlawfully enters upon the possession of another, though he be no more than a mere intruder he is not entitled to demand. In such case the

offense is consummated the moment such entry is made, and the right to maintain an action of forcible entry and detainer vests at once in him whose possession is thus invaded.   Fitzgerald v. Quinn, 165 Ill. 354.

Appellants' counsel contend that the evidence in this case shows such possession in appellants and those through whom they claim, for a period of more than twenty years prior to the commencement of this suit, as to bar appellee's right of recovery.   This is the controlling question in the case.   At the threshold of this branch of the case arises a question as to the right of appellants to " tack " their possession to the prior possession of those through whom they claim.   In Faloon v Simhauser, 130 Ill. 649, our Supreme Court in discussing this question says :

" Appellants urge, however, that where several persons, successively, enter upon lands   *   *   *   their possessions can not be tacked so as to make a continuity  *   *   * and in order to give a right to the bar under the statute of limitations, a party seeking to avail of such right must show priority of estate with the prior disseizors by  *   *   * conveyance.   It is a sufficient answer to this claim, and to the authorities cited   *   *   *   to say that the question is not an open one in this State, and that the rule having been years ago determined otherwise by this court, and it being a rule of property upon which many titles depend, such former rule will be adhered to without any re-examination of conflicting authorities in respect thereto.   In Weber v. Anderson, 73 Ill. 439, it was held that a deed is not necessary to transfer the possession of land held adversely to the owner, and that where land is held adversely by different occupants and one succeeds to the possession of another, the identity and continuity of their possession, in order to make the period required to bar the owner, may be shown by parol evidence."

Under this rule and the evidence in the record before us, we are of opinion that appellants here may avail themselves of such prior possession as their predecessors had.   This brings us to the question as to the extent, character and sufficiency of that possession.

The bar or island is over three miles long and averages something like a half mile in width; is mostly covered with

Nauman v. Burch.

brush and timber, some of the trees being more than two feet in diameter. The part of this bar or island claimed by appellee and in controversy here, is the lower end of it, extending upward from the extreme lower end about three-fourths of a mile. About the year 1873, Louis Lux and Charles Jokerst "squatted" on this bar and each built a sort of dwelling, and cleared up some land around their houses and cultivated it in crops. These houses were about a quarter of a mile apart, and the nearest one to the land claimed by appellee was a half mile above appellee's upper line. These squatters had no claim and color of title, nor did any who succeeded them, until a quite recent date, if at all, but gave it out in speech that they owned the whole bar, that it was their island, as did they and those who succeeded them. Such possession as they had was continuous from the time of the first settlement. In addition to the crops they raised on the patches they had cleared about their houses, they on a few occasions took cattle to pasture, and sold, on a few occasions, some willows cut from the land. They made no improvements on any part of the bar lying below appellee's upper line until about the year 1892, when they cleared up eighteen or twenty acres below that line. This was an independent clearing, separated from the others a mile or more. This and its subsequent cultivation constituted the only acts of actual possession of any part of the bar lying below appellee's upper line, unless it may have been that at times the cattle they had taken to pasture went upon it, and that on two or three occasions, at long intervals apart, some willows were cut from it and sold to the government. Just what part of the bar was pastured or from what part the willows were cut, except at one time, does not clearly appear.

Appellants contend that this constitutes such open, adverse and continuous actual possession of the whole bar or island, for a period of more than twenty years prior to the commencement of this suit, as to bar a recovery. Appellee contends that as appellants' predecessors had no claim and color of title, they could have no constructive possession,

and their actual possession without such color draws nothing to it, and that therefore they did not have actual possession of any more than they actually occupied, and that their first occupancy of any part of the land in dispute was in 1892, only about six years prior to the commencement of this suit, instead of being more than twenty

Appellee had had actual possession under his deed since 1881, and how long his grantors before him, does not appear, but is not material. All the time up to the intrusion onto it in 1892, appellee had possession of all this land that lay between his projected lines, and he was not bound to take any notice of pretentious speeches, or even of sporadic acts of occupants of other parts of the bar or island without claim and color of title to his land, so long as they were not in actual, open and continuous possession within his lines. We are of opinion that upon the facts of this case the law is with appellee. The judgment of the Circuit Court is affirmed.