### James H. Hooper, Appellant, v. Charles Buvidas et al., Appellees.

#### Gen. No. 30,198.

1. FORCIBLE ENTRY AND DETAINER—*presumptive rightfulness of possession.* Parties in actual, peaceable possession of real property are deemed in law to be in possession rightfully.

2. FORCIBLE ENTRY AND DETAINER—*burden of proof as to wrongfulness of possession of defendant.* The burden rests upon the plaintiff in forcible entry and detainer proceedings to show that parties

who are in actual, peaceable possession of the property are not rightfully in possession.

3. FORCIBLE ENTRY AND DETAINER—*presumption as to source of defendant's right to possession.* No presumption arises, in forcible entry and detainer proceedings by a purchaser of real property at a sheriff's sale in execution against parties in actual peaceable possession thereof, that such parties hold possession by virtue of a deed issued to them as the result of proceedings in probate court to sell the same for the payment of the debts of the decedent, in the absence of proof that they were not in possession of the property prior to the issuance of such deed.

4. FORCIBLE ENTRY AND DETAINER—*presumption as to validity of deed held by defendant.* No presumption arises, in forcible entry and detainer proceedings by the holder of a sheriff's deed to property against the holders of a deed issued as the result of proceedings in probate court for the sale of such property to pay the debts of the decedent, that their deed is void because the judgment creditor for whose benefit the sheriff's sale was conducted was not made a party to the proceedings in probate court.

5. FORCIBLE ENTRY AND DETAINER—*right to inquire into title to property.* In forcible entry and detainer proceedings the title to the property cannot be inquired into in any circumstances for any purpose.

6. FORCIBLE ENTRY AND DETAINER—*right to question validity of deed held by parties in possession.* The plaintiff in forcible entry and detainer proceedings cannot attack the validity of the deed, held by parties in peaceable possession of the property, secured by them as the result of proceedings in probate court for the sale of such property to pay debts of the deceased former owner thereof.

7. FORCIBLE ENTRY AND DETAINER—*deed to property as evidence.* Since the question in forcible entry and detainer proceedings is not in whom is the title to the premises, but is one of possession and the right thereto, a deed is admissible in evidence only for the purpose of showing the nature and extent of a party's possession.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Affirmed. Opinion filed March 2, 1926.

JAMES H. HOOPER, pro se.

No appearance for appellees.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an action of forcible detainer, brought in the municipal court of the city of Chicago by James H. Hooper, plaintiff, against Charles Buvidas, Elizabeth Kukuraitis and Dominick Paulaskis, defendants, to recover possession of certain property which the plaintiff alleges the defendants are unlawfully withholding from him.

The case was tried before the court without a jury. The judgment of the court was in favor of the defendants. From the judgment of the court the plaintiff has prosecuted this appeal.

Claiming the right to the possession of the property as a purchaser at a sale of the property under a judgment, the plaintiff has brought the action under paragraph 6, section 2 of the Forcible Entry and Detainer Act [Cahill's St. ch. 57, ¶ 2, subd. 6].

Section 2 [Cahill's St. ch. 57, ¶ 2], after stating that: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided," provides in paragraph 6 as follows:

"When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the grantor in possession or party to such judgment or decree or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

The defendants appeared but offered no evidence. The only evidence in the case was introduced by the plaintiff.

The property in question was owned by Joseph Adomaitis. February 4, 1920, Kazimir Adomaitis obtained a judgment against Joseph Adomaitis. On

February 7, 1920, Joseph Adomaitis died. On August 24, 1920, Kazimir Adomaitis filed his claim upon the judgment in the probate court in the estate of Joseph Adomaitis, and the court allowed the claim.

On April 1, 1922, Anna Adomaitis, the administratrix of the estate of Joseph Adomaitis, filed a petition in the probate court to sell the property in question to pay the debts of the estate. Kazimir Adomaitis was not made a party to the proceeding. Under the petition the property was sold to the defendants, and a deed to the property was given to them by Anna Adomaitis, the administratrix. On October 22, 1922, Kazimir Adomaitis filed objections to the final account in the estate of Joseph Adomaitis, alleging that he was a creditor of Joseph Adomaitis and a claimant against the estate of Joseph Adomaitis, had obtained the judgment of February 4, 1920, and was entitled to have it paid out of real estate owned by Joseph Adomaitis; that ever since February 4, 1920, the said judgment had been a lien in his favor against the said real estate; that he was not made a party to the petition for leave to sell the said real estate to pay the debts of the said estate; that the administratrix now claims the proceeds of the sale exclusively for herself.

On November 10, 1924, the property was sold by the sheriff to the plaintiff under the judgment of Kazimir Adomaitis, and a deed to the property was given to the plaintiff by the sheriff.

The plaintiff claims the right to the possession of the property by virtue of the sheriff's deed. The plaintiff contends that "the sheriff's deed divested the debtor of his title and right to the possession and from that moment parties claiming under the debtor subsequent to the lien of the judgment became trespassers." In support of his contention the plaintiff cites the case of *Cook v. Norton*, 48 Ill. 20, which holds that: "When the sheriff sells under the judgment and execution * * * he sells the debtor's title, whatever it may

be, and the debtor has no more right to claim that his possession, after the sheriff's sale and deed, is adverse to the sheriff's grantee than he would have to set up an adverse possession against his own grantee.''

In the case at bar the defendants were not parties to the judgment obtained by Kazimir Adomaitis under which the sheriff sold the property of Joseph Adomaitis to the plaintiff, and the evidence does not show that any privity of estate existed between the defendants and the judgment debtor, Joseph Adomaitis. It does not appear from the evidence that the defendants acquired possession of the property through Joseph Adomaitis.

The fact is that the evidence does not show how or when the defendants obtained possession of the property. As far as the evidence shows, the defendants were in actual peaceable possession of the property. Being in actual peaceable possession they are deemed in law to have been in possession rightfully, and the burden of proof is on the plaintiff to overcome that presumption. *Hammond v. Doty,* 184 Ill. 246, 249; *Fitzgerald v. Quinn,* 165 Ill. 354, 365, 366. In other words, in order to maintain his cause of action, it is essential that the plaintiff should prove by a preponderance of the evidence that the defendants are in possession of the property unlawfully. *Preston v. Zahl,* 4 Ill. App. 423, 425.

The only manner in which the plaintiff attempts to make the proof is by indulging the presumption that the defendants obtained possession of the property by virtue of the deed of the administratrix, Anna Adomaitis, at the sale in the proceeding in the probate court to sell the property to pay the debts of Joseph Adomaitis; and by further presuming that the deed was void for the reason that Kazimir Adomaitis, the judgment creditor of Joseph Adomaitis, was not a party to the proceeding.

In our opinion neither presumption properly can be indulged.

The plaintiff has not shown that the defendants were not in possession of the property before they obtained the deed of the administratrix, nor has the plaintiff shown that the defendants took possession after the deed. From the mere fact that the defendants acquired a deed to the property under the petition to sell the property to pay the debts of Joseph Adomaitis, it does not follow logically as a direct inference that the defendants took possession of the property under that deed. The defendants may have acquired otherwise the right to possession of the property. However that may be, it is indisputable that there is no evidence to show how the defendants actually obtained possession of the property. The plaintiff has failed to prove that the defendants took possession of the property under their deed from the administratrix in the proceeding in the probate court, and we do not think that such proof can be supplied by a presumption.

The views we have expressed are supported by decisions of Illinois Appellate Courts. In the case of *Kingsbury v. Perkins*, 15 Ill. App. 240, the court said (pp. 240, 241):

"This action was brought by appellant against appellees under the sixth clause of the second section of the Forcible Entry and Detainer Act, which gives such action where land has been sold under the judgment or decree of any court in this State, and the party to such judgment or decree, after the expiration of the time of redemption, refuses or neglects to surrender possession after demand in writing by the person entitled thereto.

"Appellees were not parties to the judgment under which the premises were sold, and there is nothing in the record to show they went into possession under Foster A. Baird, who was one of the defendants in

the judgment, and as to whose property the land had been sold on execution. An action of forcible detainer, under this specification of said sixth clause, lies only against a 'party to such judgment or decree.' The parties to the judgment would include only those against whom it was recovered, and those who are bound by it. No privity of estate is shown to exist between the appellees and the judgment debtor; and even if that were or could be assumed it does not appear their possession is in subordination to the title or right of possession of appellant.''

In the case of *Lehman v. Whittington,* 8 Ill. App. 374, the court said (pp. 376, 377):

"Two grounds are urged by appellant for the reversal of the judgment: First, that there was no proof of service of the notice and demand for the possession of the premises in question; second, that appellee failed to show that appellant was in possession of, or claimed any right to the premises through Cook, the grantor in the trust deed. Both grounds we think are well taken. The theory of appellee's case was that appellant, Lehman, was by his tenant, Pagle, in possession of the premises, under Cook, and that appellee, having purchased the same at a sale made by Grant as trustee, and obtained from him a trustee's deed therefor, was entitled to her action of forcible detainer against Lehman to recover the possession. * * * Appellant was not a party to the Cook trust deed, nor was there any sufficient evidence that he was in possession of the premises under Cook. It appears that he had had some negotiations with a view of purchasing Cook's interest in the property, but upon being furnished with an abstract of the title, and becoming satisfied that Cook did not have a good title, he declined to purchase. How he happened to be in possession of the property, whether he entered under some one having a superior title to Cook's or otherwise, does not appear.''

We are of the opinion that even if the plaintiff had made the necessary proof that the defendants were in possession of the property by virtue of the deed from the administratrix, the plaintiff has not proved that his right to the possession of the property is superior to the right of possession of the defendants. In this connection it must be borne in mind that the plaintiff contends that this proof has been made by reason of the fact that the administratrix' deed was "absolutely void" because Kazimir Adomaitis, the judgment creditor of Joseph Adomaitis, was not made a party to the proceedings in the probate court under which the defendants acquired the deed from the administratrix.

We do not think that it is permissible to go into the question whether the deed which the defendants acquired from the administratrix was void. Without deciding the question, we will state that our impressions are that the deed was not void; that as far as the present record shows, the deed was valid, and the defendants took the property in question under the deed subject to the lien of the judgment creditor, Kazimir Adomaitis.

Obviously, the only purpose for making an inquiry into the question whether the deed which the defendants obtained from the administratrix was void, would be to decide whether the deed of the plaintiff was superior to the deed of the defendants. This would be, in effect, determining the question whether the plaintiff's title to the property was superior to the title of the defendants. The rule is firmly settled in Illinois that in an action of forcible detainer the title to the property cannot be inquired into in any circumstances for any purpose. *Stoddard v. Illinois Improvement & Ballast Co.,* 271 Ill. 98, 99; *Thomas v. Olenick,* 237 Ill. 167, 168.

It has been explicitly held in the case of *Peters v. Balke,* 170 Ill. 304, 311, that: "The title can no more be inquired into for any purpose in this action now

than it could before the passage of clause 6" of the Forcible Detainer Act; that "while this is so, plaintiff cannot recover under the statute unless he offers in evidence a deed for the purpose of showing that he is a grantee entitled to possession."

The question in an action of forcible detainer "is not in whom is the title to the premises, but is one of possession and the right to possession." *Universal Vending Service Co. v. DeMeo,* 231 Ill. App. 30, 37. The rule is established by a long line of decisions that the deed is admissible in evidence for the purpose of showing only the nature and extent of the possession of the plaintiff. *Huftalin v. Misner,* 70 Ill. 205, 207; *Pearson v. Herr,* 53 Ill. 144, 149; *Rockhold v. Doering,* 122 Ill. App. 194, 197; *Ragor v. McKay,* 44 Ill. App. 79, 80, 81.

For the reasons stated the judgment of the trial court is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.