## JACOB A. DICKASON

*v.*

## J. P. DAWSON.

1. FORCIBLE DETAINER—*demand necessary by purchaser at sheriff's sale.* The purchaser of real estate at sheriff's sale can not maintain an action of forcible detainer after receiving a deed, without first making a demand for possession.

2. SAME—*can not be maintained by purchaser at sheriff's sale against prior mortgagee in possession.* The purchaser of land at sheriff's sale can not recover the possession from one in possession under a mortgage executed by the judgment debtor prior to the judgment under which his title is obtained, even though the mortgagee took possession after the sheriff's sale under an arrangement with the mortgagor to allow rent by way of credits on the mortgage debt.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. WARREN & GILMER, for the appellant.

Messrs. WHEAT, EWING & HAMILTON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of forcible detainer, brought by appellant, originally, before a justice of the peace, to recover a certain tract of land in the city of Quincy, which was in the possession of appellee. The appellant failed to recover before the justice, and was likewise unsuccessful on the trial of an appeal in the circuit court. No demand for the possession of the premises was made before the commencement of the suit, and upon this ground, waiving other serious difficulties apparent from the record, the appellant could not recover. The premises, as appears from the record, were originally owned and in the possession of one Geo. W. Foss, who, on the 3d day of August, 1869, mortgaged the same to Mary Grey to secure a certain debt which has not, as yet, been paid. On the third day of October, 1872, Foss gave a second mortgage on the premises to the National Insurance Company, of Hannibal, Mo. In November, 1874, the insurance company recovered a judgment, in the Superior Court of Cook county, against Foss for $123, one year's interest on the debt secured by the mortgage, upon which execution issued, and the mortgaged premises were sold, and after the time of redemption had expired a sheriff's deed was made to appellant. Prior to the execution of the sheriff's deed, and on the first day of July, 1875, a portion of the first mortgage indebtedness being due, Foss leased the premises to Mary Grey, and delivered her the possession. Under the terms of the lease, the rent provided for was to be applied in payment of the mortgage held by her. Mary Grey sub-let the premises to appellee, who was occupying under her when the action was brought.

Appellant claimed the right to recover as a purchaser under

the sheriff's sale on judgment rendered against Foss, the original owner of the premises, but the 6th clause of sec. 2, chap. 57, Rev. Stat. 1874, p. 535, which gave him a right of action in forcible detainer, expressly requires a demand of the possession, in writing, before the suit is commenced. As no demand of the possession was proven, on this ground, alone, the decision of the court in appellee's favor might safely be sustained. But, independent of this question, appellant could not recover as against appellee, who held under Mary Grey. She was in possession under a mortgage for condition broken, which had priority to the judgment under which appellant claimed possession, and she had a right to hold the possession as mortgagee, as against Foss or a purchaser from or under him, until her mortgage debt should be satisfied. The mere fact that a lease was given Mary Grey by Foss, cuts no figure in the case. That lease expressly applied the rent in satisfaction of the mortgage. The substance of the transaction was, a surrender of the possession of the premises by Foss to Mary Grey, as mortgagee, to be by her held and enjoyed as such. The fact that she was called a tenant, in nowise affected her rights as mortgagee. If Mary Grey had brought ejectment against Foss, the mortgagor, under her mortgage, and recovered the possession for condition broken, it is a plain proposition that appellant could not have recovered that possession until the mortgage was satisfied. The fact that the mortgagor did not wait until he was sued by her for possession, but voluntarily transferred the possession over to her as a mortgagee, does not, in the least, impair her rights as mortgagee.

Under the evidence contained in the record, we perceive no ground upon which appellant could recover. The judgment will, therefore, be affirmed.

*Judgment affirmed.*