## Brackensieck v. Vahle et al.

1. *Forcible Entry and Detainer—Preliminary Steps.*—In an action of forcible entry and detainer, brought under the sixth clause of Section 2, Chapter 57, R. S., which provides that when lands have been sold under the judgment of any court and the party to such judgment or decree refuses, after the expiration of the time of redemption and after demand in writing, to surrender possession to the person entitled thereto, such person may recover the possession by an action of forcible entry and detainer. The person entitled to such suit is not required before commencing his suit to serve upon the person in possession a copy of the decree and produce and exhibit his deed, as in proceedings to procure a writ of assistance. In such cases the person entitled to possession is required only to comply with the statute—that is, to make a demand in writing before commencing his suit.

2. *Concurrent Remedies—Writ of Assistance, etc.*—A person entitled to the possession of lands sold under a judgment or decree, having obtained his deed, is entitled to have two concurrent remedies, (1) a writ of assistance issuing from the court rendering the judgment or decree, and (2) an action of forcible entry and detainer under the statute.

**Memorandum.**—Action of forcible entry and detainer. Appeal from a judgment for the defendants rendered by the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

The opinion of the court states the case.

### APPELLANT'S BRIEF.

The title acquired at a sale under a mortgage relates back to the execution of the mortgage; and that the purchaser takes the title as it existed in the mortgagor at the time of

such execution, divested of sales, liens or leases subsequently made by the mortgagor or those claiming under them, and that tenants under subsequent leases may be treated as trespassers by the mortgagee or purchaser and ejected without notice, has been repeatedly held.     Bartlett v. Hitchcock, 10 Brad. 87, and cases there cited.

It is a rule of construction which applies to judgments and decrees of courts, that when they admit of two interpretations that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case.     Black on Judgments, Sec. 3 and Sec. 123; Peniston v. Sommers, 15 La. Ann. 679; Wittick v. Tramm, 25 Ala. 317.


CARTER, GOVERT & PAPE, attorneys for appellant.

L. H. BERGER, attorney for appellees.


OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

This was an action of forcible detainer, brought by the appellant, under the sixth clause of Section 2, of Chap. 57, Revised Statutes, entitled "Forcible Entry and Detainer," which provides that, when lands have been sold under the judgment or decree of any court in this State, and the party to such judgment or decree refuses, after the expiration of the time of redemption, and after demand in writing, to surrender possession to the person entitled, that such person entitled may recover possession by an action of forcible entry and detainer.     The appellant received a deed for the premises herein involved, made by the master in chancery of the Adams Circuit Court, by virtue of a sale under a decree of foreclosure, to which the appellees herein were parties defendant.     The appellees refused to surrender the premises to him, though he served upon them a demand, in writing, for the possession, as required by the statute. The decree upon which the deed was based, provided that, in case of a sale of the premises and execution of a master's deed to the purchaser, that "the grantee in such deed

should have possession of the premises conveyed, and that the parties to the cause who should have possession of the premises, or any person coming into possession under them since the commencement of the suit, should deliver and surrender possession of such premises to the grantee in the master's deed, upon the production of such deed of conveyance."

In order to obtain a writ of assistance from the court rendering the decree, it is contended that the grantee in the master's deed would be required, before applying for such writ, to serve upon the party in possession a copy of the decree and to produce and exhibit the deed from the master, and it is insisted that like steps must be taken before an action of forcible detainer to recover the possession can be instituted. The court below entertained this view of the law and so ruled the result, being a determination of the action against the appellant. We think the appellant had two concurrent remedies, by either or both of which he might proceed to secure possession of the premises.

One remedy was by a writ of assistance to be obtained from the court rendering the decree, and, of course, upon compliance with its requirements; the other, by the action of forcible detainer under the statute. To obtain the benefit of the statutory remedy, he was only required to comply with the statute; that is, make written demand before instituting the action. Though, to succeed upon the trial of the cause in forcible detainer, he might find it necessary to produce his deed in evidence, yet the statute does not require such production as a condition precedent to the institution of the suit, nor was he required to so produce it in advance, because it might have been necessary, under the decree, to have done so before a writ of assistance issuing out of chancery could have been awarded him.

The appellant complied with the requirements of the statute, and it was error to require more for him than the statute required.

For this reason the judgment must be reversed and the cause remanded.