## Springer v. Lehman.

1. RECEIVER.—*Mortgagee in Possession.*—However litigious a mortgagee in possession may be, so long as anything is due him, the possession can not be taken from him and given to a receiver.

**Memorandum.**—Order appointing a receiver.  Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1892.  Opinion filed February 14, 1893.

### STATEMENT OF THE CASE.

On July 16, 1891, Hibbert J. Lehman filed his bill setting forth that on the 14th day of November, 1890, he was the owner of the real estate known as the "Excelsior Block," situated on the northwest corner of Jackson and Canal streets, Chicago.  That the land and improvements were worth $430,000.  That the property was incumbered by trust deed to F. S. Thurston, for $275,000, a first lien. It was further incumbered by a trust deed to F. W. Grower, to secure the sum of $15,000, owing from Lehman to Springer, for borrowed money.  On the 14th day of November, 1890, the indebtedness to Springer having matured, he insisted on payment, or additional security.  Lehman, to further secure to Springer, not only the $15,000 secured by the trust deed, but other indebtedness, gave him a warranty deed of the property, and entered into a contract in writing, whereby Springer was to have the possession and management of the property, and collect the rents and pay the necessary running expenses, etc., and to receive a certain compensation for his services, and that upon the payment to him, on or before August 14, 1891, of said indebtedness, he was to re-convey the property to Lehman.  Immediately after making the warranty deed and contract, Springer took the possession and management of the property, etc., etc.

The bill alleged that Springer, who was in possession of the property, was using a driveway which constituted a

portion of it; that he improved the property, and made the same very much better than it was when it was turned over to him; that the purpose of Springer in improving the property was a wicked one, to wit, that of making complainant (Lehman) pay for such improvements. The bill prayed for an injunction preventing such acts, and for the appointment of a receiver.

Upon the filing of the bill the complainant made an application for the appointment of a receiver, upon the bill and affidavits, etc.

The matter was referred to the master in chancery to state an account, etc., in the matter between the parties. He took a large amount of testimony and made his report. After some preliminary proceedings, it was, on the 21st day of March, 1892, it is claimed, by the parties agreed, in open court, that on the 25th following, the complainant should pay to the defendant $29,394.72, and also pay into court the further sum of $3,303.16, to cover disputed items, etc.; that, upon such payment, Springer should give a deed of the property to Lehman and release the Grower mortgage, in return for the money. On the 25th, there being no court held, the matter went over to the 29th, when all the parties appeared in court—the complainant with the money to make the payment, but the defendant refused to give a deed, on the ground that all the money should be paid to him, and not a part into court, denying the making of the agreement. Thereupon the court sustained the motion, and entered an order appointing a receiver. From this order the defendant appealed.

APPELLANT'S BRIEF, MILLER & STARR, ATTORNEYS.

The appellant contended that a receiver should be appointed in no case unless it is made to appear that there is an imperative necessity for the step to preserve some particular property for such parties as shall be entitled to the benefit. First National Bank of Sioux City v. Gage, 79 Ill. 207.

As to real estate, it seems to be the established doc-

trine that a court of equity will not interfere by the appoint-
ment of a receiver to take the property from the party in
possession on the application of a party out of possession
claiming a dry legal title only, but will leave him to his
remedy at law.    Talbot v. Hopescott, Kay & Johns. (N. Y.)
Ch. 119.    It is only in cases where some special circumstances
arise of an equitable nature and in aid of an equitable title
that the court will appoint a receiver over real estate in
behalf of a claimant out of possession.    Carrow v. Ferrior,
L. R. 3 Ch.App. 726; Cofer v. Echerson, 6 Iowa, 504; Mapes
v. Scott, 4 Brad. 268.

There must be a clear, strong case, amounting to a reason-
able cause, at least, for the preservation of property pending
the cause, and to be finally disposed of by it, a party in
possession as the owner of the equity of redemption, being
entirely responsible in respect to any liability which might
be cast upon him as to his dealings with the property; and
although the mortgagor was insolvent, there was no such
reasonable cause shown as would justify the appointment of
a receiver, with such powers, and so unguarded at that stage
of the case.    Per McAllister, J., Silverman v. Northwest-
ern Mut. Life Ins. Co., 5 Brad. 124.

This power of the court to take from a party in posses-
sion, and into its own hands, funds and property, some title
to which, or the distribution of property or funds, is ulti-
mately to be decided or made by the court for the purpose
of preserving the property pending the litigation, is a power
fully recognized, and in proper cases, one of great useful-
ness.    At the same time its exercise is attended with such
incidents and consequences as to render it one of the most
delicate duties devolved upon a court of equity, and it is
never to be resorted to except in a clear case, and with great
caution and circumspection.    Per McAllister, J., Hyde
Park Gas Company v. Kreber, 5 Brad. 132.

In Beach on Receivers, the rule is stated thus in sections
47 and 48 :

Being a power which practically deprives rightful owners
as well as unlawful claimants of the possession of property,

and it being necessary to its usefulness and value as a remedy that it (the power to appoint a receiver) be exercised in a peremptory way, and without a full and final hearing upon the merits, it is to be resorted to with unusual caution and only for preventing manifest wrong imminently impending, (citing cases above cited, and also Mays v. Rose, Freeman, Miss. 703; Harrup v. Winslet, 37 Georgia, 655,) or where the case clearly shows that the complaining party would be injured or suffer irreparable loss if it were refused. O. & M. Company v. U. S. Petroleum Company, 57 Penn. Stat. 83; S. C., 6 Philadelphia, 521; Latham v. Chafee, 7 Fed. Rep. 525; Furlong v. Edwards, 3 Md. 99, 112; Parkhurst v. Kinsman, 2 Blatchf. 78.

There must be danger of loss unless the court take charge of it. O'Mahoney v. Belmont, 62 N. Y. 133; 37 N. Y. Sup. 233; Humphreys v. Allen, 101 Ill. 501.

The high prerogative act of taking property out of the hands of the owner and putting it in pound under the order of a judge, ought not to be taken, except to prevent manifest wrong, imminently impending. Carter v. Ross, 39 Georgia, 44.

And because it divests the owner of property of his possession before a final hearing it is regarded as a severe remedy, not to be adopted, except in a clear case, and in fact, unless the complainant would otherwise be in danger of severe and irreparable loss. Pullan v. Cincinnati & C. R. R. Co., 4 Biss. 47; Bill v. New Albany R. R. Co., 2 Biss. 390; Whitehead v. Wooten, 43 Miss. 523.

G. W. PLUMMER and RICHARD PRENDERGAST, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

This is an appeal under the act of June 14, 1887, from an interlocutory order appointing a receiver. The appellee filed his bill to redeem from what he alleged was a mortgage to the appellant, though in the form of a warranty deed. The appellant denied that the conveyance was a

mortgage, alleging that it was an absolute conveyance in fact as well as in form, with an agreement to re-convey upon terms. We need not inquire which is right. The bill alleged, and the appellee tried to prove, mismanagement of the property by the appellant. Whether the proof was sufficient, we will not consider.

The appointment of a receiver seems to have been prompted by the understanding of the court that on a previous day the appellant had, before the court, agreed to some terms which, on the day the receiver was appointed, he would not abide by.

However litigious a mortgagee in possession may be, so long as anything is due him, the possession can not be taken from him and given to a receiver. Jones on Mort., Sec. 1517; High on Receivers, Sec. 654; Beach on Receivers, Secs. 80, 81, 550; Bolles v. Duff, 35 How. Pr. Rep. 481.

If the appellee establishes his claim that the transaction was a mortgage, it is conceded that about $30,000 is due to the appellant.

That indebtedness gives ample security to the appellee, and in making up the accounts the appellant can be charged for everything that he ought to be charged with, and any improper charges made by him, may be disallowed.

If the transaction does not turn out to be a mortgage, the bill is all wrong, and no receiver can be appointed under it. In any aspect of the case the order is wrong, and it is reversed with directions to restore the possession of the premises in controversy to the appellee, if the receiver has taken possession.