## Salve Peterson et al. v. John L. Lindskoog et al.

1. MORTGAGEE—*Rights of, When in Possession After Condition Broken.*—A mortgagee may, by affirmative action, obtain possession of the mortgaged premises after condition broken, and may defend his possession from either the mortgagor or other persons attacking it, unless by a superior lien.

2. RECEIVERS—*Possession Subject to All Valid and Existing Liens.* —A receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment, as it does not divest liens previously acquired in good faith.

3. SAME—*Rights of, as Against a Mortgagee in Possession.*—As against a mortgagee in possession, holding the premises as security for his debt, a court of equity will not appoint a receiver of the rents and profits on a creditor's bill filed by a judgment creditor of the mortgagor, when the mortgagee has not been paid the amount due him and is fully able to respond for what he may receive.

**Creditor's Bill.**—Appeal from an order extending the powers of a receiver entered by the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed February 19, 1901.

**Statement of the Case.**—A receiver was appointed under a creditor's bill containing apt allegations of the recovery of a judgment at law (on March 4, 1897,) against the appellee John L. Lindskoog, and the return of execution unsatisfied.

The bill alleged, further, that said Lindskoog (by deed dated February 27, 1897, and recorded March 1, 1897,) had made a fraudulent conveyance to his wife of the premises in question for the purpose of hindering and delaying his creditors, and asked that such conveyance be set aside and declared null and void as against creditors. It was also prayed that a receiver be appointed over all of Lindskoog's property and equitable interests, and that the receivership be extended over the rents, etc., of the premises referred to, for the benefit of the complainant.

Other persons subsequently came into the suit by being made parties or otherwise, but we will mention such matters only so far as is necessary.

The bill was filed June 25, 1897, and on July 28, 1897, the order appointing the receiver was entered. That order was the general and usual one for the appointment of receivers, and did not include the taking possession of the particular premises which were the subject of the alleged fraudulent conveyance by the judgment debtor. Afterward, on November 10, 1897, an order was entered extend-

ing the receivership over the property in question and authorizing the receiver to collect the rents, take charge of the property and keep the same in repair, and also ordering the tenants to attorn and pay rent to him.

Prior to this time, Lindskoog and wife gave to Axel Chytraus, as trustee, a trust deed on the premises to secure two promissory notes of same date made by themselves, one for $1,295, payable to the order of the trustees of the Swedish Lutheran Immanuel Church, and the other for $328.11, payable to the order of Axel Chytraus—both payable one year after date, with interest at the rate of six per cent per annum, payable semi-annually. The trust deed and the notes secured thereby were dated February 13, 1897, and the trust deed was filed for record two days afterward.

Under the order entered November 10, 1897, extending the receivership over the disputed premises, the receiver took possession of the premises on or about November 16, 1897, and proceeded to collect the rents.

Thereupon the appellees, trustees of the Swedish Lutheran Immanuel Church, and Axel Chytraus, individually and as trustee under said trust deed, filed and presented to the court their petition, asking, among other things, that the receiver be directed to relinquish his possession of the premises and turn over possession thereof to petitioners.

Issue was duly joined on the petition, and because of the order of the Circuit Court granting the prayer of said petition this appeal is prosecuted.

The petition alleged a provision in the trust deed that in the event of a breach by the makers thereof of the covenants and agreements in regard to the payment of the indebtedness thereby secured, the whole of said indebtedness, both principal and interest, might, at the option of the legal holders of the notes, be declared due and payable, without notice; that there was a failure by the makers of the notes to pay the interest due August 13, 1897; that the church trustees and Axel Chytraus were at that time and are now the legal holders of said notes respectively, and that they declared the whole of said indebtedness due and payable;

that on October 28, 1897, the said Chytraus, as trustee, took possession of the premises for the purpose of collecting the rents, incomes and profits thereof, and was in such possession when interfered with by the receiver, acting under the order of November 10, 1897, extending the receivership.

The decree found the allegations of the petition to be true concerning the provisions of the trust deed relating to the non-payment of interest, the ownership of the notes and the election of the holders thereof to declare the whole indebtedness due and payable, and that said Chytraus, as trustee, did, under the trust deed, on or about November 3, 1897, and with the acquiescence of the mortgagors, enter upon and take possession of the premises, and was in possession thereof at the time when the receiver took possession, on November 16, 1897. The decree also finds that the tenants had attorned to the trustee; that at the time the order extending the receivership was entered the appellees were not parties to the cause, and that as against them, as mortgagees in possession after condition broken, the order extending the receivership was improperly entered, and should be, and was vacated and set aside.

HERBERT S. DUNCOMBE and HARRY G. COLSON, attorneys for appellants.

DENEEN & HAMILL, M. A. DELANY and C. H. PEASE, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The question presented by this record is as to the right of a mortgagee in possession after condition broken, to hold the premises as against a receiver appointed upon a creditor's bill filed subsequent to the execution, delivery and recording of the mortgage, the creditor's bill being filed to set aside an alleged fraudulent conveyance of the premises by the judgment debtor to a third party, and the mortgagee not being a party to the bill, and the order extending the

receivership over the particular property not being made until after possession by the mortgagee was taken.

The genuineness and good faith of the indebtedness secured by the mortgage is fully established by the evidence, and so is the maturity and non-payment of an installment of interest thereon.

The evidence concerning the taking possession of the premises by or in behalf of the mortgagees, and the attornment of the tenants to them, is not as clear and convincing as it might be, but considering what was done, in connection with the evident intention of the mortgagees and the acquiescence of the mortgagors, we are disposed to think that the chancellor who heard the evidence and entered the decree found correctly in those respects, and its finding ought not to be interfered with. The fact that no rent was collected by the mortgagees during the short time they were in possession does not impair their right to the rents. Their right to the rents was fully fixed by the attornment to them by the tenants, and does not depend upon the actual payment of rent.

The order appointing the receiver did not have the effect to vest in the receiver, title to the real estate that had been conveyed by the judgment debtor to his wife by the alleged earlier fraudulent conveyance. The receiver's right as to that property was only to proceed in some appropriate proceeding to set the conveyance aside, as made in fraud of creditors. Thomas v. Van Meter, 164 Ill. 304.

The receiver did not even claim any right to the possession of the property, and none could have been claimed for him, under the original order appointing him. It was not until his receivership was extended over the specific property, by order entered between three or four months after the original appointment was made, that any such right was asserted, and before that time the mortgagees had entered upon possession of the property.

The mortgagees not being parties to the creditor's suit, were not given notice of the application for the order extending the receivership over property then in their possession.

Peterson v. Lindskoog.

It was held in Dickason v. Dawson, 85 Ill. 53, that the purchaser of land at sheriff's sale could not recover possession from one who was in possession under a mortgage made by the judgment debtor prior to the judgment under which the sale was made, even though the mortgagee took possession after the sale, by virtue of an arrangement with the mortgagor to allow the rents of the property by way of credits on the mortgage debt.   In that case one Mary Grey was in possession under a mortgage for condition broken, and it was said by the court that it was "a plain proposition" that she could not be dispossessed by the purchaser at the sheriff's sale until her mortgage was satisfied, and it was held that the fact that the mortgagor voluntarily transferred the possession to her as mortgagee, without waiting to be sued by her for possession, did not, in the least, impair her rights as mortgagee.

In Carroll v. Ballance, 26 Ill. 9, which was a case in ejectment brought by the mortgagee against the mortgagor in possession, the rights of a mortgagee after condition broken are considered at much length, and the decision fully establishes that a mortgagee after condition broken is entitled to the possession of the mortgaged premises as against the mortgagor, or any other person whose rights are not superior to the mortgagee, if he chooses to assert his claim to possession under his mortgage.

It is said in Pollock v. Maison, 41 Ill. 516, "The authorities all concur in holding that the mortgagee may make entry after condition broken."   See, also, Barrett v. Hinckley, 124 Ill. 32; Esker v. Hefferman, 159 Ill. 38; 1 Jones on Mortgages, Secs. 27, 667, 702.

If, therefore, the mortgagee may, by affirmative action, obtain possession of the mortgaged premises after condition broken (and there seems to be no doubt he may under the cases cited), so much the more may he defend his possession from either the mortgagor, or any other person attacking it, unless by superior lien.

A receiver's right of possession is not necessarily superior to the right of a mortgagee.

" A receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment, and does not divest a lien previously acquired in good faith. He can not have the right to take possession of property and hold the same, where the owner of the estate would have no right to do so. A court of equity is bound to respect legal rights and preferences lawfully acquired, and make distribution accordingly." Chicago Title and Trust Co. v. Smith, 156 Ill. 417.

So it is said in High on Receivers (3d Ed.), Sec. 680 :

" Thus it is held that, as against a mortgagee in possession, holding the premises as security for his debt, a court of equity will not appoint a receiver of the rents and profits on a creditor's bill filed by a judgment creditor of the mortgagor, when the mortgagee has not been paid the amount due him and is fully able to respond for what he may receive. So, too, as against mortgagees in possession, whose mortgage and other charges upon the estate have not been fully satisfied, the heirs at law of the testator, upon a bill against the mortgagees for an account, are not entitled to a receiver of the mortgaged premises. And in such case it is a sufficient answer to the application for a receiver that the mortgage and other charges upon the estate prior to the claim of the heirs have not been discharged."

Again it is said in section 416 of the same work :

" While, as we have thus seen in the preceding sections, courts of equity are inclined to a liberal exercise of their jurisdiction by granting receivers over the estate of a debtor in behalf of his judgment creditors, this extraordinary power is exercised with a considerable degree of caution when the contest is as to the title to real estate, which is in possession of and claimed by third parties. Indeed, courts of equity are always averse to any interference with the legal title *in limine*, and when a creditor's judgment is not of itself a lien upon lands which have been conveyed by the debtor to third parties, and the only equity of the judgment creditor is a right to resort to the lands by setting aside the conveyance from the debtor, the party in possession under what purports to be the legal title, will not be deprived of his possession by the appointment of a receiver, unless upon a strong case of danger to the property and inability to respond to a decree because of insolvency. And when a judgment creditor had obtained a conditional order for a receiver over certain real property alleged to belong

to the debtor, but it was shown that the debtor had no such estate in the lands as was claimed by the creditor in his petition, having at the most but an equitable interest in some portion of them, it was regarded as sufficient cause for refusing to make the order for the receiver absolute, the order having covered the entire property."

Appellants urge as other reasons against the order complained of, that there was no allegation and no proof that the Swedish Lutheran Immanuel Church was a corporation, or had any legal existence. It was not necessary that there should have been.

The note for $1,295 was by its terms payable to the order of the trustees of that church, naming it, and it appeared plainly that there was a church by that name, and that the appellees P. A. Peterson and others, were acting as trustees of the church and as such had always been the legal holders and owners of the note. It was not material whether the church for which they were acting was a corporation or not. The trustees' relation to the church and to the note, and the capacity in which they held the note, was all that was needed. Besides, the possession taken was not only the possession of the trustees, but of Axel Chytraus, as holder and owner of the other note, and as trustee named as grantee in the trust deed given to secure both notes. He, as such grantee and trustee for the benefit of the holders of the notes, whoever they might be, had the right to take possession for them and to insist upon a restoration of such possession to him, by the receiver.

It plainly appears that an installment of interest on the notes had fallen due and was unpaid at and before the possession was taken by appellees. That constituted a breach of one of the conditions of the mortgage, and was of itself a sufficient ground for taking possession of the premises, even though the evidence touching the declaration of maturity of the whole of the notes was slight. Jones on Mortgages, Sec. 27.

It is repeatedly urged, in one connection or another, that the mortgagees' rights to the rents and profits arising out of the premises could not exist until they had filed a bill to

foreclose their mortgage, and that no such proceeding was ever begun.

The right to the possession existing because of condition broken, as we have held, and possession having been taken, the right to the incomes necessarily followed.

In conclusion, we may say that this is not the case of the right of a receiver appointed upon a judgment creditor's bill, to the possession of property belonging to the judgment debtor at the time the creditor's bill was filed. The premises in question constituted property that had been conveyed by the judgment debtor to a third party, by a conveyance absolute and good on its face, previous to the filing of the creditor's bill and prior to the recovery of the judgment upon which the creditor's bill was based.

The mere fact that such conveyance was attacked for fraud by the creditor's bill did not serve to reinvest the judgment debtor with the title and subject it to his debts. All that is urged by appellants, on the assumption that the premises were at the time the property of the judgment debtor and subject to rights of his creditors, is inapplicable to the existing condition of things.

There is nothing else we deem worthy of particular comment.

The decree of the Circuit Court is affirmed.