### Elijah Jennings v. Abraham Jennings.

1. ESTOPPEL—*Of Parties by Adjudication in Partition Suits.*—A party to the record in a partition suit is required to make known to the court all his rights in the premises sought to be partitioned, and have his interest therein protected in the decree of the court; and after having had the opportunity to do so, he is bound by the judgment of the court rendered and will not be permitted afterward, in a collateral proceeding, to make any other or different claim to the premises which existed when the decree was entered, than that given him therein.

2. RES ADJUDICATA—*Decrees in Partition Suits.*—A decree of a court of competent jurisdiction in a partition suit becomes *res adjudicata* between the parties, not only as to what was actually determined therein, but it also extends to any other matters properly involved, and which might have been raised and determined in such proceeding.

3. PARTITION SALES—*Rights of Purchasers.*—A decree in a partition suit does not give the parties a possessory interest in the premises sold beyond the time of the execution and delivery of the master's deed. The purchaser is entitled to the possession of the premises upon the delivery of the master's deed, and after a demand in writing of the occupant for the immediate possession and refusal, he is entitled to maintain an action of forcible detainer under the statute.

Forcible Detainer.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded with directions. Opinion filed February 28, 1901.

J. F. VAN VOORHEES and JOSEPH E. DYAS, attorneys for appellants.

VAN SELLAR & SHEPHERD, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of forcible detainer, brought by appellant on the 6th day of May, 1899, before a justice of the peace of Edgar county, against appellee, to recover posses-

sion of certain premises situated in that county.    On a trial, the justice of the peace rendered judgment in favor of appellant for such possession, and the case was removed by appeal to the Circuit Court, where it was tried without a jury, and resulted in a finding and judgment against appellant, who brings it to this court by appeal, and urges us to reverse the judgment on the ground that it is against the evidence.

The evidence shows that appellant purchased the premises in question at a sale thereof by the master in chancery of Edgar county, who sold it under a decree of the Circuit Court of that county, made in a partition suit between the widow and heirs at law of Manoah Jennings, deceased, to whom the land descended upon his death, on September 8, 1898, he having died seized in fee of the same.    Appellee was one of the heirs, a party to the partition suit, and as such claimed, and was allowed by the court, in its decree of partition and sale, only one-fifth part of the premises in fee.

Before his death, Manoah Jennings verbally leased the premises to appellee until March 1, 1900, and the latter was in possession thereof under such lease, when the former died, and has remained in possession ever since, but he never made any claim to such possession in the partition suit, nor was any such given him by the decree of the court therein.

At the master's sale of the premises, appellee gave notice that he had a lease upon the premises, from Manoah Jennings, which did not expire until March 1, 1900; that he was in possession thereof under the lease, and would retain it until March 1, 1900.    Appellant heard the notice given by appellee at the sale when he purchased the premises. Appellant complied with the terms of the sale; the master reported the same to the court, and the sale was approved.

Afterward, on April 15, 1899, the master executed to appellant a deed for the premises in accordance with the terms of the decree of sale.    On May 2, 1899, appellant made demand in writing upon appellee to deliver immediate possession of the premises to him.    This was refused and the forcible detainer suit followed.

Under our partition act, every person is required to be made a party to a suit to partition real estate, who has any

interest, whether in possession or otherwise, in the premises sought to be partitioned. (Sec. 6, Ch. 106, S. & C. Ill. Statute, 1896); and in such suit, the court is required to ascertain and declare the rights, titles and interest of all the parties thereto, and to give judgment according to the rights of the parties. Sec. 15, *Ibid.* A party to the record in such suit should make known to the court all his rights in the premises sought to be partitioned, and have his interest therein protected in the judgment or decree of the court; and after having had the opportunity to do so, he is bound by the judgment or decree of the court rendered therein; and he will not be permitted afterward, in a collateral suit or proceeding, to make any other or different claim to the premises, which existed when such judgment or decree was entered, than that given him therein (Loomis v. Riley, 24 Ill. 307); for the judgment or decree of a court of competent jurisdiction becomes *res adjudicata* between the parties thereto, not only as to what was actually determined, but also extends to any other matters properly involved, and which might have been raised and determined in it. Rogers v. Higgins, 57 Ill. 244, and cases cited.

As the decree of the Circuit Court, in the partition suit, to which appellee was a party, does not give him a possessory interest in the premises sold beyond the time of the execution and delivery of the master's deed to the purchaser thereof, appellant, as such purchaser, was entitled to the possession of the premises after he received the master's deed therefor; and appellant, by afterward demanding, in writing, of appellee, the immediate possession of the premises, and the refusal thereof, was entitled to maintain this action to recover such possession against appellee, under the express provisions of item Sixth, Sec. 2, Ch. 57, S. & C. Ill. Statutes (1896).

It therefore follows that the finding and judgment of the Circuit Court in this case is against the evidence; for which reason we will reverse the judgment and remand the case to that court, with directions to enter a finding, and judgment in favor of appellant therein.

Reversed and remanded with directions.