## F. C. Benjamin, Appellee, v. James A. Allison et ux., Appellants.

1. FORCIBLE ENTRY AND DETAINER, § 35*—*what prerequisite to jurisdiction of action of forcible detainer.* An action of forcible detainer, being in derogation of the common law, the statute under which it is brought must be fully complied with in order to confer jurisdiction.

2. FORCIBLE ENTRY AND DETAINER, § 30*—*when demand in writing prerequisite to maintenance of action of forcible detainer.* A demand in writing is an essential prerequisite before bringing an action of forcible detainer by a purchaser of premises at sale under execution or decree, or those claiming under him.

3. FORCIBLE ENTRY AND DETAINER, § 36*—*when court acquires no jurisdiction of action of forcible detainer.* In an action in forcible detainer where no notice was served on one defendant and a notice served on the other bore no signature, as required by the statute, and incorrectly described the property in question, *held* that the court acquired no jurisdiction, and its judgment for the plaintiff was a nullity.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1915. Reversed. Opinion filed October 13, 1915.

CARLOCK & CARLOCK, for appellants.

M. A. BRENNAN and RALPH HEFFERNAN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee brought suit in forcible detainer against appellant before a justice of the peace. From the judgment of that court an appeal was taken to the Circuit Court, where judgment was rendered awarding possession to appellee, the plaintiff below. The record of the Circuit Court is brought here for review by appeal of defendants below.

The facts are that in 1901 one J. H. Johns recovered

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a judgment before a justice of the peace for $59.71 against the father and mother of appellant James A. Allison. At that time they were the owners of a life estate in the real estate in question here. Appellant James A. Allison owned the fee subject to the life use of his parents. A transcript of that judgment being duly certified by the justice before whom it was rendered, an execution was issued by the clerk of the Circuit Court and levied on the life estate of the elder Allisons, and such estate was in due time sold, and was purchased by one Calvin Rayburn. He executed a conveyance to A. L. Samuel dated December 29, 1904. He executed a conveyance to appellee on June 14, 1913. These two deeds were recorded on the same day the last one was executed. The elder Allisons lived on the premises until 1907 when, both being sick, they went to Bloomington to be "doctored." They did not move the furniture from the home place and occasionally returned to it for short stays. In 1908, James Allison, Sr., died. In 1913, the elder Mrs. Allison returned to the premises and was residing thereon when this suit was instituted. When she returned, as well as while she and her husband were in Bloomington, the premises were farmed on share rent by appellant as the tenant of his parents. He was also residing on the premises when this suit was instituted. No demand for possession of any kind was made on the elder Mrs. Allison, and the only notice or demand in writing ever served on any one in this case so far as this record shows was the following:

"Bloomington, Ill., Nov. 29, 1913.

"To James Almon Allison:

"You are hereby notified to vacate the following described property by March First, Nineteen Hundred and Fourteen (1914): North East Quarter of the North West Quarter of Section Fifteen (15), and eleven (11) acres off of the West side of the South West Quarter of the North East Quarter of Section Fifteen (15), except One Acre in North East corner

of the eleven (11) acres above described, all in Township Twenty-three (23) N. Range East of 3rd P. M., in McLean County, Ill.''

That notice was not signed by any one.

The case was tried by the court without a jury. The record shows a finding that possession of the "premises described in the complaint" are unlawfully withheld. The description of the premises in the complaint and in the notice are not the same. A certain tract of eleven acres is described in the complaint as being in the "North West Quarter of the North East Quarter of Section Fifteen." The foregoing notice described an eleven acre tract as being in the "South West Quarter of the North East Quarter" of that section.

Section 2 of chapter 57, Rev. St. (J. & A. ¶ 5843) provides: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

"Sixth—* * * When lands or tenements have been * * * sold under the judgment or decree of any court in this State, * * * and the * * * party to such judgment or decree * * * refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

Section 3 (J. & A. ¶ 5844) of that chapter, after providing how such demand may be served, and the form it may be in, provides: "Which demand shall be signed by the person claiming such possession, his agent or attorney."

The action of forcible entry and detainer, or forcible detainer, being special statutory proceedings, summary in their nature and in derogation of the common law, the statute conferring such jurisdiction must be strictly pursued in the method of procedure prescribed by it or jurisdiction will fail to attach. *Fitzgerald v. Quinn,* 165 Ill. 355, 360; *French v. Willer,* 126 Ill. 611.

A demand in writing is an essential prerequisite before bringing an action of forcible detainer by a purchaser of premises at sale under execution or decree, or those claiming under him. *Dickason v. Dawson,* 85 Ill. 53; *Brackensieck v. Vahle,* 48 Ill. App. 312; *Lehman v. Whittington,* 8 Ill. App. 374; *Jennings v. Jennings,* 94 Ill. App. 26.

No demand whatever being made on one of the appellants, and the notice served on the other, even if it could be construed to be intended as a demand, not being signed by appellee, or his agent or attorney as the statute requires, or in fact by any one, and not correctly describing the property, the court failed to acquire jurisdiction, and its judgment is a nullity. The judgment of the Circuit Court is therefore reversed.

*Judgment reversed.*