Lawrence R. Van Ness, Complainant, v. Richard J. Arado et al., Defendants.
Appeal of Madison & Kedzie State Bank, Individually and as Trustee, Appellant.

Gen. No. 34,328.

Opinion filed April 16, 1930.

ISAAC B. LIPSON, for appellant; RANDOLPH THORNTON and FRED E. NEWTON, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by Madison & Kedzie State Bank, individually and as trustee, from an interlocutory order appointing a receiver of certain premises involved in a mortgage foreclosure proceeding. Neither the complainant, Van Ness, nor the defendant, Victor, has appeared in this court to defend the interlocutory order.

Complainant, Van Ness, filed a bill to foreclose a second mortgage. Various mortgage and mechanics' lien claimants, judgment creditors and the holders of a third mortgage were made defendants. The bill of complaint stated that the mortgage sought to be foreclosed was subject to a prior incumbrance to the Madison & Kedzie State Bank, as trustee, and that no priority was claimed against its lien. This first incumbrance was for $125,000, and default had been made in the payment of interest secured thereby prior

to the filing of the bill to foreclose the second mortgage. Pursuant to the terms of its trust deed the Madison & Kedzie State Bank had taken actual possession of the mortgaged premises and was operating the same and collecting the rents. The answer of the bank to the bill set forth the indebtedness due it, amounting to $125,000 and the execution of the notes for the same, dated May 18, 1928, and the execution and delivery of a trust deed of the same date to secure the same. Louis J. Victor, a defendant, filed an answer disclaiming knowledge as to all the matters in the bill of complaint, but claiming an interest in the premises by virtue of a judgment against defendant Arado without giving the amount of said judgment, entered in the municipal court January 23, 1929. No affirmative relief was sought in this answer. Victor next filed a petition claiming that he obtained a judgment, no amount given, against Arado, one of the defendants, and setting forth the existence of the first mortgage to the Madison & Kedzie State Bank and also of the second mortgage, and also alleged mechanics' liens; that the rents of the premises were being collected under an assignment of rents by the bank and that the premises were but scant security for the payment of the mortgages, mechanics' liens and the judgment of your petitioner. Without allowing the defendant bank any opportunity to plead, answer or demur to the petition and without any affidavits to support the petition, the court ordered the appointment of the Citizens State Bank as receiver of the premises. The defendant bank immediately moved by petition to vacate the order, proffering a bond, and asked leave to file an answer thereto, but the court refused to require Victor to answer the bank's petition and denied the same and also denied the motion to remove the receiver upon filing a bond as substitute therefor, as permitted by paragraph 56 of the Chancery Act, Cahill's St. ch. 22.

For a number of reasons the order appointing the Citizens State Bank was erroneous and must be reversed. The appointment of a receiver at the instance of a judgment creditor on merely a petition is erroneous. Such appointment must be predicated upon some pleading praying affirmative relief. *Ruprecht v. Henrici,* 113 Ill. App. 398. In this case the court said, speaking through Mr. Justice Adams, that the petition was a mere motion, "and we have been referred to no authority, nor do we know of any, for the appointment of a receiver, on mere petition or motion, in the absence of such bill or cross-bill. The appointment of a receiver is merely auxiliary to the ultimate relief, and if, for want of proper pleading, no ultimate relief can be decreed, the appointment of a receiver is useless." This was followed in *Gauer v. Voltz,* 190 Ill. App. 189, where a similar petition was characterized as "a mere motion paper."

As against the mortgagee in possession holding the premises as security for its bondholders after default, the appointment of a receiver at the instance of a subsequent judgment creditor of the mortgagor is improper. *Peterson v. Lindskoog,* 93 Ill. App. 276, and cases therein cited. It was there held that as against "a mortgagee in possession, holding the premises as security for his debt, a court of equity will not appoint a receiver of the rents and profits on a creditor's bill filed by a judgment creditor or the mortgagor." To the same effect are *Springer v. Lehman,* 50 Ill. App. 139 and *Dickason v. Dawson,* 85 Ill. 53.

In *Bagdonas v. Liberty Land & Investment Co.,* 309 Ill. 103, it was said that the appointment of a receiver should be exercised with caution and only where the court is satisfied that there is imminent danger of loss if the appointment is not made. The general rule is that the applicant must show first that he has a clear right to the property itself or has some lien upon it and that the property itself or the income arising from

it is in danger of loss. See also *Lemker v. Kalberlah,* 105 Ill. App. 445; *Sherman Park State Bank v. Loop Office Building Corp.,* 238 Ill. App. 450. The petition failed to allege any facts showing the right of the petitioner to the appointment of a receiver.

·For the reasons indicated we hold that the interlocutory order appointing the receiver was improper and that it must be vacated. · The order is reversed.

*Reversed.*

MATCHETT and O'CONNOR, JJ., concur.