**Myron Kramer, Appellee, v. Ackerson C. Hessler, Appellant.**

**Gen. No. 39,329.**

Heard in the second division of this court for the first district at the February term, 1937. Opinion filed June 29, 1937.

SOLOMON T. CLANTON, of Chicago, for appellant.

OLSON & OLSON, of Chicago, for appellee; DELMAR OLSON, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought an action of forcible entry and detainer against defendant in the municipal court of Chicago. Defendant was duly served with summons and thereafter filed a notice to strike the statement of claim, questioning the jurisdiction of the court to hear the suit. No evidence was taken and judgment for possession was entered in favor of plaintiff. This appeal followed.

The facts disclose that Ackerson C. Hessler was at one time owner in fee of the premises in question. The property was incumbered with a mortgage held by Eldredge Jamieson. Upon default in payments due under the mortgage, foreclosure proceedings were instituted, resulting in a decree and sale of the property and the issuance of a master's deed. Jamieson, purchaser and grantee under the master's deed, conveyed title to Myron Kramer, plaintiff herein, who subse-

quently filed this proceeding, seeking possession of an apartment in the building on the premises occupied by defendant.

When the cause came on for hearing in the municipal court August 27, 1936, plaintiff requested that defendant file an affidavit of merits, but no such pleading was filed. Instead, defendant filed a motion to strike the statement of claim, challenging the jurisdiction of the court to hear the cause, on the theory that the statute did not provide for any notice demanding possession under the circumstances of this case. It was defendant's contention that plaintiff should have filed a 30-day notice to quit under the statute, because no tenancy was created between plaintiff and defendant, who was a former owner and had no contractual relations with plaintiff, and that if plaintiff was entitled to possession his remedy was by writ of assistance issued out of the superior court to execute the provisions of the foreclosure decree.

The questions presented therefore are, first, whether the demand for possession was improper under the statute, and second, whether by reason of the inefficacy of the demand, as defendant contends, his motion to strike the statement of claim should have been sustained.

We are of the opinion that the written demand for possession served on defendant was in accord with the statute. Plaintiff proceeded under the sixth clause of sec. 2 of the Forcible Entry and Detainer Act (ch. 57, Illinois State Bar Stats. 1935, ¶ 2; Jones Ill. Stats. Ann. 109.264), which provides as follows:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

". . .

"Sixth—When lands or tenements have been conveyed . . . or sold under the judgment or decree of

any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the . . . party to such judgment or decree or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent.'' Under this provision of the statute a written demand on defendant for possession was required to entitle plaintiff to institute his action of forcible detainer. It was so held in *Benjamin v. Allison,* 201 Ill. App. 34, where under similar circumstances the court said:

"A demand in writing is an essential prerequisite before bringing an action of forcible detainer by a purchaser of premises at sale under execution or decree, or those claiming under him.''

In *Brackensieck v. Vahle,* 48 Ill. App. 312, it was held that a person entitled to the possession of lands sold under a judgment or decree, who had obtained a deed, was entitled to have two concurrent remedies, one by writ of assistance issuing from the court which rendered the judgment or decree, and another by forcible detainer, under the sixth clause of sec. 2 of the act, and that to obtain the benefit of the latter remedy he was required only to comply with the statute and to make a written demand before instituting the action. *Hersey v. Westover,* 11 Ill. App. 197, *Dickason v. Dawson,* 85 Ill. 53, and *Jennings v. Jennings,* 94 Ill. App. 26, are to the same effect.

Sec. 6 of the Landlord and Tenant Act (ch. 80, Illinois State Bar Stats. 1935, ¶ 6; Jones Ill. Stats. Ann. 72.06), cited by defendant to sustain his position, applies only to the notice required to terminate an existing tenancy where a landlord and tenant relation has been created, and has no application to the instant case. The trial court therefore properly overruled defend-

ant's motion to strike the statement of claim and was correct in entering judgment for possession in favor of plaintiff. We find no convincing reason for reversal. Therefore the judgment of the municipal court is affirmed.

*Judgment affirmed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.